EMMA J. MOORE *vs.* WILDEY CASUALTY COMPANY

Barnstable.    March 9, 1900. — June 21, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Accident and Life Insurance Policy — Notice — Time Limit — Waiver —*
*Injury justifying Recovery under Policy.*

In this case, which was an action by a widow against a life insurance company to recover a certain sum of money according to the terms of the policy issued by the defendant on the life of her husband, there was evidence of a waiver on the part of the defendant of the time limit in regard to the notice of the death of the insured, and the question was rightly submitted to the jury; and the words "such injuries alone," in the clause in which the company agrees to pay the widow "if living . . . the sum of $5,000, if the death of the certificate holder shall result from such injuries alone within ninety days from the date of said accident," refer to the kind of injury which furnishes the basis of indemnity, namely, bodily injury effected during the life of the certificate "through external, violent, and accidental means."

CONTRACT, by the widow of William M. Moore, to recover the sum of $5,000, by the terms of a certificate or policy of insurance issued by the defendant company to Moore, and providing for the payment of the above named sum to the plaintiff as beneficiary named therein in case of the death of Moore by such accident and under such terms and conditions as in said certificate or policy were fully set forth.

The conditions of the certificate or policy material to the determination of the questions involved are as follows:

1.  Upon the question of notice the following conditions are set out upon the back of said certificate or policy.

"Fifth.  Written notice shall be given the said company at Boston, Mass., within ten days of the date of the accident and injury, for which claim of indemnity or benefit is made, with full particulars thereof, including a statement of the time, place and cause of the accident, the nature of the injury and the full name and address of the insured and beneficiary, and unless such notice and statement is received as aforesaid, all claim to indemnity or benefit under this certificate shall be forfeited to the company.

"Sixth.  This certificate will not entitle the beneficiary herein

named or any party in interest to death benefits unless death results from the accident within ninety days from the date of the accident, of which accident the company shall have had notice within the ten days mentioned of the happening thereof. . . .

"Fourteenth. The provisions and conditions aforesaid, and a strict compliance therewith during the continuance of this contract, are conditions precedent to the insurance hereof and to its validity and enforcement, and no waiver shall be claimed by reason of the acts of any person, unless such acts shall be specially authorized in writing over the signature of the secretary of this company."

2. Upon the question of the character of the injuries for which indemnity was payable under the terms and conditions of the certificate, the following are the material portions of said certificate as set forth in the body thereof.

"1. The sum of $25 per week for a period not exceeding fifty-two consecutive weeks as indemnity for loss of time resulting from bodily injury so effected during the life of this certificate through external, violent and accidental means which shall, independently of all other causes, immediately and wholly disable him from transacting any and every kind of business pertaining to his occupation above stated.

"2. Or, if such injury alone shall not cause total disability as described in Provision one (1), but shall immediately and continuously disable and prevent the insured from performing one or more important duty or duties pertaining to his occupation, the company will pay him, during continuance of such disability for not exceeding sixteen consecutive weeks an amount to be determined by the company, based upon the nature and severity of the injuries and consequent effects upon the occupation of the insured, the maximum of such amount not to exceed fifty per cent of the sum named in Provision one (1), and the minimum not less than ten per cent of such sum. . . .

"5. And the said company agree to pay to Emma J. Moore, wife, if living, if not, to the executors or administrators of said member, in trust, however, for and to be forthwith paid over to his heirs at law the sum of $5,000, if the death of the certificate holder shall result from such injuries alone within ninety days from the date of said accident."

At the trial in the Superior Court, before *Sheldon*, J., the defendant requested a ruling that, upon the evidence, proper written notice of the accident of March 31, 1898, was not given to the defendant within the time limited by the certificate or policy, and that the defendant had not waived such notice, and therefore the plaintiff cannot recover.

The judge declined so to rule, and instructed the jury that proper notice was not given to the defendant, but that there was evidence upon which they might find as a question of fact whether or not said requirement was waived by the defendant.

The defendant also requested the judge to give the jury the following instruction: "If you find that the accident of March 31, 1898, did not, independently of all other causes, immediately and wholly disable said William M. Moore from transacting any and every kind of business pertaining to his occupation, or immediately and continuously disable and prevent him from performing one or more important duty or duties pertaining to his occupation, then it was not such injury as would entitle the plaintiff to recover under the certificate in suit, and you must bring in your verdict for the defendant." The judge refused so to rule; the jury found for the plaintiff, and the defendant alleged exceptions. The facts appear in the opinion.

*F. M. Forbush*, for the defendant.

*H. P. Harriman & H. E. Perkins*, for the plaintiff.

MORTON, J. This case comes here upon the defendant's exceptions to the refusal of the court to give two rulings that were asked for. The first was that upon the evidence proper written notice of the accident was not given within the time limited by the certificate and that the defendant had not waived such notice, and the plaintiff could not, therefore, recover. The court refused to give this ruling, and ruled that proper written notice had not been given, but that there was evidence for the jury on the question whether the defendant had waived the requirement as to notice, — meaning, of course, the requirement as to the time within which notice should be given. We think that this was correct. The accident occurred on March 31, 1898. There was evidence tending to show that a brief notice of the accident, dated March 31, was sent by the plaintiff's husband to the defendant company, but was not received till April 11. There was

also evidence tending to show that another notice, dated April 9, and giving full particulars of the accident, was sent by the plaintiff's husband to the company, but that this likewise was not received till April 11. No objection was then made by the company that these notices were not within the time required by the certificate. That fact would not of itself, perhaps, constitute sufficient evidence of waiver. But on April 23 the defendant's secretary sent to the plaintiff an accident blank, saying that she could fill it out and forward it to that office at her earliest convenience, if she so desired. A blank containing full particulars of the accident and signed by the plaintiff's husband, and dated April 26, was received by the defendant, and has been retained by it without objection, so far as appears. Presumably this was the blank referred to in the letter of the defendant's secretary of April 23. After the death of the plaintiff's husband, on June 10, 1898, a certificate was filled out by her and sent to the defendant company. The receipt of this was acknowledged by the defendant through its secretary by letter dated July 8, in which he writes : " We have received the proper form of certificate filled out by Mrs. Moore in the case of the late Dr. Wm. M. Moore and will say that Mr. Kelley a brother-in-law of the widow, has been in to see in regard to the latter, desiring us to keep him posted." No objection appears to have been made at this time that notice of the accident had not been received within the ten days required by the certificate. The first objection made by the defendant was on October 10, 1898, in reply to a letter from the plaintiff's counsel, and the objection then was the general one, that the estate of the plaintiff's husband had no claim against the company. When the objection that notice of the accident had not been received within the time required was first made, does not appear. It is said in the brief of counsel for the plaintiff that it was not made till after suit was brought, which, as appears from a copy of the writ, was October 12, 1898. We think that the conduct of the defendant was such as to warrant the jury in finding that there was a waiver of the requirement in regard to the time within which notice should be given, and that the refusal to rule as the defendant requested was right. See *Searle* v. *Dwelling House Ins. Co.* 152 Mass. 263 ; *Clark* v. *New England Ins. Co.* 6 Cush. 342 ; *Peabody* v. *Fraternal Accident Association*, 89 Maine, 96.

The other ruling requested relates to the construction to be given to the words " such injuries alone " in the clause in which the " company agree to pay Susan J. Moore, wife, if living, . . . the sum of $5,000, if the death of the certificate holder shall result from such injuries alone within ninety days from the date of said accident." We think that it is plain that they refer to the kind of injury which furnishes the basis of indemnity, namely, bodily injury effected during the life of the certificate " through external, violent, and accidental means." That is the sense in which . like words are used in the clause relating to partial disability, and that is the kind of injury which is the basis of indemnity in cases of total disability. We see no reason for holding that a different kind of injury was meant in cases of death. The certificate defines the kind of injury which shall constitute the basis of indemnity, and then provides for cases of partial disability, total disability and death as the result of such injuries. No doubt the company could have provided that the injury which should entitle a party to indemnity in case of death should be such as resulted in total or partial disability for a longer or shorter time, as well as death within a certain time, but we do not think that it has done so in the certificate before us. We think that the ruling requested was rightly refused.

*Exceptions overruled.*