EVA A. COOK *vs.* NORTH BRITISH AND MERCANTILE INSURANCE COMPANY.

Suffolk.     January 9, 1902. — March 8, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Insurance, Fire,* Sworn statement of loss.     *Waiver.*

The sworn statement required by the Massachusetts standard form of fire insurance policy to be forthwith rendered to the company in case of loss is not in

time if the fire occurred on October 7 and the statement was signed and sworn to on December 15 and furnished to the company a short time thereafter and no reasonable cause for the delay is shown.

A submission to arbitration by an insurance company, under St. 1894, c. 522, § 60, St. 1897, c. 357, to determine the amount of a loss by fire, is not a waiver of objection to delay on the part of the assured in furnishing the sworn statement of the loss required by the terms of the policy to be " forthwith rendered to the company," especially where the submission expressly provides, that neither the submission nor the award thereon " shall in any way affect any other question than that of the amount of the aforesaid loss or damage."

CONTRACT on a fire insurance policy in the Massachusetts standard form on property destroyed by fire on October 7, 1898. Amended from a bill in equity which was filed April 15, 1899.

At the trial in the Superior Court before *Richardson*, J., the jury returned a verdict for the plaintiff in the sum of $1,852.13; and the defendant alleged exceptions.

*F. W. Brown*, for the defendant.

*F. H. Stewart*, for the plaintiff.

HAMMOND, J. The loss occurred on October 7, 1898, and a statement was signed and sworn to by the agent of the plaintiff December 15, 1898, and furnished to the defendant " within a short time of its execution." There was no objection to the form of proof, but the only question was whether the statement was rendered forthwith, as required by the terms of the policy.

The defendant in substance requested the judge to instruct the jury that the statement was not furnished in time, and that on the evidence no excuse was shown for the delay. The plaintiff contended that, even if that were so, still the provision, being for the benefit of the defendant, could be waived by it, and that the evidence would justify the jury in finding such a waiver. The defendant insisted that there was no sufficient evidence of waiver. Upon these questions raised as to the sworn statement, the judge instructed the jury only as follows : " The policy also provided that soon after, or immediately after, a loss by fire it was incumbent upon the party claiming to have made a loss to make a statement of the loss somewhat in detail to the insurance company. That was made, but was not made until some time after the loss. It is said to have been made on December 15, so far as I can see — I don't know when it was received, but it seems to have been sworn to on December, 1898,

a little more than two months after the fire. And the statement of loss was not signed by Mrs. Cook, but it was signed by an agent, Frederick W. Libby, an alleged agent; I think it sufficiently appears he was an agent. That is perhaps not the usual course to pursue, but I don't see anything illegal about it. . . .

"And also the question of whether this statement was filed in due time. It was not filed for a considerable length of time after the loss. The loss, or the alleged loss, was, I think, the 8th of October, and this was filed December 15. But that is a thing also which an insurance company by its conduct may waive. Some of these informalities or irregularities either party may waive. That is to say, an insurance company might come to you and say, ' You need not be at the trouble of furnishing the statement, I know about your property, and I will waive it.' They could do that if they saw fit, and could not take advantage of it afterwards if it was waived. And sometimes that occurs by conduct; they go on and treat about it, sign papers about it appointing arbitrators and all that, and it becomes a question whether such a question as that, which a company might insist upon if they wanted to, is not waived by going into inquiries and taking action on things which would naturally come up subsequently to the time of such informality."

To these instructions the defendant excepted, and also to the refusal of the judge to instruct the jury as above requested.

No reasonable cause for the delay in furnishing the statement is shown upon the evidence, and therefore it was not furnished forthwith as required by the policy, and the jury should have been so instructed. *Parker* v. *Middlesex Mutual Assurance Co.* 179 Mass. 528. They were not so instructed expressly, and we do not think that the instructions actually given sufficiently cover the point. They seem rather to imply that the question was left to the jury for their decision. In this respect there was error, and the exceptions must be sustained.

As the case may be tried again, it is well to say, in view of the last paragraph of the charge above quoted, that upon the question of waiver the fact that the case was submitted to arbitration under the circumstances disclosed by this evidence cannot be taken as tending to show waiver. It is to be observed that this is not a case where the notice given within the time is

insufficient on account of some defect in form, as in *Blake* v. *Exchange Ins. Co.* 12 Gray, 265, and similar cases. In that class of cases where, by reason of the action of the insurer, the assured has been led to believe that the notice is right, or at least is acceptable to the insurer, and consequently has not attempted to save himself by giving a correct notice within the proper time, a waiver may be found upon slight testimony, especially where other objections to the right of the assured are stated by the insurer. Such conduct may even amount to an estoppel.

" When one is stating objections, a failure to disclose a ground of objection in a particular which easily could be remedied tends to mislead the other party to his detriment, and is so contrary to justice and good morals as to work an estoppel against doing it afterwards." KNOWLTON, J., in *Brown* v. *Henry*, 172 Mass. 559, 567.

In this present case the reason that the notice was not in conformity with the contract was, not that it was defective in form, but that, although correct in form, it was not given in time. A failure to give the notice within the time required stands upon different ground from a failure to give the notice in due form. The latter defect may be remedied, but the former, if insisted upon, is fatal to the assured. The silence of the insurer even upon a mere defect of form might be very injurious to the assured, since if he were notified of the defect he might save himself by a new notice timely given ; but a failure to notify in time leaves him at the mercy of the insurer, and to point out to him the fact will not aid him in the least to remedy the defect. The omission to point out to him the defect is therefore no wrong or want of good faith to him, nor is the insurer under any legal obligation to do so. *Patrick* v. *Farmers' Ins. Co.* 43 N. H. 621. *Edwards* v. *Baltimore Ins. Co.* 3 Gill, (Md.) 176. May, Ins. § 464, and cases cited.

Under the circumstances disclosed in this case, no inference unfavorable to the defendant can be drawn from the fact of arbitration. In the first place the arbitration was compulsory. St. 1894, c. 522, § 60. St. 1897, c. 357.

But the chief reason why the arbitration is not to be regarded as bearing upon the question of waiver is based upon the express

language of the submission that neither the submission nor the award thereon " shall in any way affect any other question than that of the amount of the aforesaid loss or damage." The language implies that there may be questions between the parties concerning the claims submitted other than the amount of loss, and expressly declares that neither the submission nor the award shall affect them. In this case it was known to both parties that there had been considerable delay in sending to the defendant the sworn statement. If the delay was without excuse, then for that reason alone the defendant was free of liability, unless there was a waiver. It does not appear that as to the question of excuse the defendant knew what the material facts actually were, or, (which is sometimes an entirely different thing,) what by reason of honest bias or otherwise the evidence might warrant a jury in finding them to be. Should the evidence be such as to justify a finding that the delay was justifiable and that the statement was sent " forthwith " within a reasonable interpretation of the word, then the defendant might be held liable. If, however, the delay was not excusable, then the only chance for the plaintiff would be to show waiver. The defendant could not control the facts bearing upon the excuse for delay, but the situation, so far as respected acts of waiver on its part, was within its control. In this state of things it was called upon to submit the question of amount, and only that question, to arbitration. It was its duty to comply. It did comply, but upon the condition expressly inserted in the written submission that neither the submission nor the award should affect any other question. To allow the arbitration proceedings to have any bearing upon the question of waiver would be to disregard not only the plain intent of the defendant but the express agreement of the plaintiff.

*Exceptions sustained.*