### TRAVELERS' INS. CO. OF HARTFORD, CONN., v. NAX.

(Circuit Court of Appeals, Third Circuit. December 2, 1905.)

#### No. 1.

1. INSURANCE—REQUIREMENT OF IMMEDIATE NOTICE IN ACCIDENT POLICY—WAIVER.

Where, under an accident insurance policy which required "immediate notice" to be given to the company of any accident and injury to the insured, no such notice was given until 139 days after an accident which resulted in the death of the insured, and 67 days after his death, the default was not waived by an objection to the validity of the claim on other grounds, the failure to give such notice being one of the grounds assigned for its final rejection, since in any event the default could not have been cured by the claimant, nor could its effect be avoided except by an express waiver by the company.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 1367–1373.

Time for notice of loss see note to 55 C. C. A. 376.]

2. SAME—CONSTRUCTION OF CONDITION IN POLICY—FAILURE TO GIVE NOTICE OF ACCIDENT.

Where an accident insurance providing for the payment of a weekly indemnity to the insured in case of an accidental injury, and the payment of the amount of the policy to a named beneficiary in case of his death from such an injury, made it an express condition that "immediate writ-

ten notice" should be given to the company "of any accident and injury for which claim is made," such proviso required notice to be given within a reasonable time; and where the insured lived for 72 days after an accidental injury, during which time he was in full possession of his faculties, his failure to give any notice of the accident before his death, without any excuse therefor appearing, as a matter of law defeated any right the beneficiary would otherwise have had to recover on the policy for his death, which was dependent on such notice as fully as the right of the insured to recover benefits in his lifetime.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 1328–1333.]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 130 Fed. 985.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

Frank S. Prichard, for plaintiff in error.

M. Hampton Todd, for defendant in error.

GRAY, Circuit Judge. This case comes before us on a writ of error to the Circuit Court of the United States for the Eastern District of Pennsylvania. The action below was in assumpsit, to recover the amount of an accident insurance policy. By the terms of this policy, the company undertook to insure Leonard Nax

"In the sum of $25 per week, against loss of time not exceeding 52 consecutive weeks, resulting from bodily injuries effected during the term of this insurance, through external, violent and accidental means, which shall, independently of all other causes, immediately and wholly disable him from transacting any and every kind of business pertaining to his occupation above stated. Or if loss by severance at or above the wrist or ankle joint of one entire hand or foot results from such injuries alone within ninety days, will pay insured one-third the principal sum herein named, in lieu of said weekly indemnity, and on such payment, this policy shall cease and be surrendered to said company; or in event of loss by severance at or above the wrist or ankle joint of two entire hands or feet, or one entire hand and one entire foot, or loss of entire sight of both eyes, solely through injuries aforesaid within ninety days, will pay insured the full principal sum aforesaid, provided he survives said ninety days. Or if death results from such injuries alone within ninety days, will pay $5,000 to Katharine Nax, wife, if surviving; in event of her prior death, to the executors, administrators, or assigns of insured, provided, among other things, that immediate written notice, with full particulars and full name and address of insured, is to be given said company at Hartford, Conn., of any accident and injury for which claim is made. Unless affirmative proof of death, loss of limb, or sight, or duration of disability, and of their being the proximate result of external, violent, and accidental means, is so furnished within thirteen months from time of such accident, all claims based thereon shall be forfeited to the company."

The following statements of fact, as made by the plaintiff in error, correctly summarize the evidence, and are sufficient for our present purpose: On April 11, 1902, Leonard Nax was cutting a corn, when the knife slipped and he made a slight cut in his toe. His wife bandaged it, but it was thought of no consequence, and he went to his office, as usual, next day, and possibly for several days; but eventually the foot commenced to swell, and the attending physician was called in, possibly a couple of days, possibly a week, after the accident.

During his illness, Leonard Nax was perfectly conscious and intelligent, and able to talk of his affairs. He had previously been insured in the same company, had had an accident, and had notified the company of it and made settlement. His son, who was in business with him, and who ordinarily attended to his affairs, knew that he had an accident policy, and knew of the previous accident and settlement. His wife also knew that he had previously had an accident, and that at that time he had been insured in some company. No notice whatever of the accident was given by Leonard Nax, or by any one on his behalf, to the insurance company during the 72 days between the date of the accident and the date of the death. After his death, no examination was made of his papers either by his widow or by his son. He had a safe in his house, but this was not opened, or examined, and the widow went away for over two months. When she came back to the city she opened the safe, examined the papers and found the accident insurance policy. This was the first knowledge she had of this particular policy. On August 28th, 67 days after the death, she gave through a broker who had obtained the insurance, notice to the Philadelphia agents of the Travelers' Insurance Company, that the insured met with an accident on April 11th, and that this had resulted in his death on June 22d.

There is no dispute as to the facts thus recited. There were other matters in evidence dealt with by the court, in submitting the case to the jury, but which are without pertinence to the point which seems to us determinative of the case, which point is that, on the undisputed facts of the case, the binding instructions to the jury, to render a verdict for the defendant, as asked for and refused by the court, should have been given. The assignments of error cover this point generally, as well as more specifically on exceptions to the charge of the court. We quote the only language in the charge of the learned trial judge, referring to this matter of immediate notice of the accident, as required by the policy, as follows:

"In this case the policy provides that Mrs. Nax may recover in certain contingencies, provided immediate written notice with full particulars and full name and address of the insured is to be given said company at Hartford, Connecticut, of any accident or injury for which claim is made, and unless affirmative proof of death, loss of limb or sight or duration of disability, and of their being the proximate result of external, violent and accidental means, is so furnished within thirteen months of the time of such accident, all claims based thereon shall be forfeited to the company. Counsel for the insurance company, in a point, requested us to say that there has been such a failure to give notice of this accident as precludes any recovery from the insurance company in this case. This we have declined to do, leaving it to you, under all the evidence in the case, which we will not discuss here. You will have the letters and the acts of the parties here and the circumstances and proof before you to aid you in determining that question, whether under all the evidence there has been a waiver of this requirement of immediate notice and whether the notice that was given is and was, under the circumstances of the case, such immediate notice as was required by this policy, and whether the company waived that requirement by its course of action as evidenced by the facts before you."

The only evidence relied upon, as showing a waiver of the requirement of "immediate notice," is in the correspondence that ensued be-

tween the representative of Catharine Nax and the general agents of the defendant in Philadelphia, after August 28th, when notice of the death of the insured, and of the accident from which it resulted, was for the first time given,—67 days after the death and 139 days after the accident. On September 17th, the local agents wrote to the broker, as follows:

"Referring to our conversation concerning the case of Mr. Leonard Nax, deceased, we beg to advise you that the company, after considering the evidence thus far submitted, authorize us to say that there does not appear to be a valid claim under the accident policy, no doubt for the reason as it appears to us, that the cutting of a corn, being voluntary on the part of the assured, and in a sense a surgical operation, cannot properly be considered as external, violent and accidental."

Fuller proofs were thereupon furnished, and forwarded by the local agent to the company, and on February 20, 1902, the local agents wrote to the defendant in error's broker, that the home office had disallowed the claim, "the principal reason being that death was not due solely to accidental causes, but resulted wholly or partly, directly or indirectly, from disease, and is not covered by the policy. In addition to this, there was a failure on the part of the beneficiary to give immediate written notice of the alleged accident, as required by the contract, which prevented the company from making necessary investigation at a time when it would have been of some benefit to them." The only reference to this matter of waiver by the learned trial judge, is in the passage of his charge which we have above quoted, and exception is taken by the plaintiff in error to the inadequacy of the explanation given to the jury, as to so important a matter. No explanation is given of what might constitute a waiver, either generally or specifically, and we might well consider the charge of the court inadequate in that respect.

But apart from this, and without reference to the provision of the policy, that no agent has power to waive any condition thereof, we think no waiver of "immediate notice" of the accident can be predicated upon this correspondence. In the first place, the general agent does not in his first letter undertake to speak for the company, except as to the rejection of the claim; what might have been the ground of this rejection is stated merely as the individual surmise of the agent; and in the second letter, the failure to give "immediate notice" of the accident is expressly stated as one of the grounds of the rejection of the claim. In the second place, viewing the letter of September 17th, as the appellees would have us, as a distinct placing by the company of the rejection of the claim on the ground suggested by the agent, it is apparent that no disadvantage resulted therefrom to the plaintiff below. Her situation was not changed in any respect detrimental to her legal rights. She was not induced thereby to do or to omit doing anything which, if done or not done, would have put her in a more advantageous position in regard to her claim against the company; in other words, there was nothing in the letter so viewed (which certainly was not an express waiver), to estop the company from taking advantage of the default of notice.

The correspondence referred to, taken in connection with the undisputed facts of this case, has none of the essential characteristics of a waiver. Mere silence on the part of the insurer, has in this case done the plaintiff below no injury. The company had already been discharged by the default, by reason of the stipulation of the insured in that regard. Calling his attention to the default, without an express waiver thereof, could not give to the insured or to the beneficiary any right or opportunity to cure the same. Such default has already worked its stipulated-for effect, and the discharge of the company is complete. It is not like silence of the insuring company with respect to a defect in the mere form of notice actually served, as is pointed out by the cases cited below. Silence as to such defect may be the inducement to the one who gives the notice, to believe that he has complied with his duty, and that the notice is in proper form. The company promptly denied liability, and in its first letter, said nothing as to the default of immediate written notice of the accident. If the notice given by the beneficiary were too late, nothing could have been done by her to remedy the defect. The whole contention of the defendant in error, as to waiver, is founded upon the letter of September 17th, which we have before us. There is no other testimony as to conduct on the part of the plaintiff in error, or facts to be submitted to the jury. The court should, as a matter of law, have instructed the jury that this letter did not constitute a waiver of the rights of the insurance company to set up the failure to give immediate notice. Cook v. North British, etc., Co., 181 Mass. 101, 62 N. E. 1049; Gould v. Insurance Co., 134 Pa. 570, 19 Atl. 793, 19 Am. St. Rep. 717; Travelers' Ins. Co. v. Myers, 62 Ohio St. 529, 57 N. E. 458; 49 L. R. A. 760.

The rights involved in this litigation are contractual, and arise from the agreement made between Leonard Nax in his lifetime and the plaintiff in error. The policy issued to him, and which embodies this agreement, sets forth the whole contract, and its clear, express and unambiguous stipulations are binding upon the parties thereto. The request made by the defendant to the court below was, that the plain and unequivocal requirement of the contract, that "immediate written notice, with full particulars and full name and address of assured is to be given said company, at Hartford, Connecticut, of any accident and injury for which claim is made," should be enforced in its favor by the court as matter of law, inasmuch as it was undisputed that no such notice was given by or on behalf of the insured for 72 days, and no sufficient explanation offered as to the cause of such failure to give notice. During that period, the insured was alive, in full possession of his faculties, and capable of attending to business of that kind. He had voluntarily become a party to the contract, and thereby made himself subject to its conditions. His stipulation in regard to immediate notice, was a condition with which he must comply, in order to bring the insurers under their obligation. The wife's rights, as beneficiary, flowed from his contract, and she has no independent contract with the company. A failure to comply with the condition as to notice, was a failure to

complete the contract in favor of his wife. The obligation of the plaintiff in error, to pay $5,000 to the wife of the insured, was only upon the contingency of the death of the insured, as a direct result of an accident, of which immediate notice was to be given to the plaintiff in error, as stipulated for in the policy. It is of course admitted that the words "immediate notice" must have a common sense interpretation, and cannot be held to require of the insured anything that is impossible or unreasonable. Whether the stipulation for immediate notice has been complied with, must depend upon the facts and circumstances of the concrete case and it is therefore not necessary here to discuss the hypothetical case of the insured's dying before a reasonable time has elapsed after the accident, in which notice could be given, or where the accident resulted in instant death. We confine our decision to the case presented in this record, where the insured, with whom the contract was made, lived for 72 days after the accident, in full possession of his faculties, attended by his wife and grown son, who was in business with him and who was aware of the fact that he held the accident policy in question, and where no sufficient explanation of the failure to give the required notice appears in the record.

It is to be noted that the contract of insurance is so framed, as that the obligation of the company to pay in any of the contingencies provided for, including the obligation to pay $5,000 to the wife, in case death results from such injuries, is made, by the use of the words "provided that," to depend upon immediate written notice, containing full particulars, being given to the insuring company. Following the statement of this condition precedent, is the quite distinct and disconnected provision, that unless affirmative proof of death, etc., and of its being the proximate result of accident, is furnished within 13 months from the time of such accident, all claims based thereon shall be forfeited to the company. The presentation of proofs of death within 13 months, to avoid a forfeiture, has no relation to the immediate written notice of the accident stipulated as a condition precedent to any claim arising therefrom. The court below has, however, in its opinion delivered on the motion for a new trial, viewed the policy as providing "for two distinct claims thereunder, one by the insured for a weekly indemnity, and the other by a named beneficiary in case of death." It then proceeds to the conclusion:

"As no right or interest in the death benefit vested in the beneficiary until the death of the insured, it would seem that no duty in the way of notice was imposed on her until the death of the insured vested a claim in her against the insurer. Whatever, therefore, may have been the duty of the insured as to notice, in order to secure indemnity, it is clear to us the notice the death beneficiary was to give was not a notice of the accident, but of the death. Such being the case" the learned judge asks: "Should the court have held that the notice given by Mrs. Nax, the beneficiary, did not answer the requirements of the policy?"

This, as we think, erroneous view of the contract here in suit, was the source of the seeming confusion as to these two provisions, in the charge of the court to the jury, and accounts for the refusal to give the binding instructions in favor of the defendant, notwithstanding the undisputed facts as to the want of immediate or any notice of the

accident during the 72 days of the life of the insured after the accident. If the right to the death benefit was entirely dissociated from the accident, or from the immediate notice required of the same, and was in other words a complete and separate right vested in the widow, and quite independent of the condition as to immediate notice stipulated for by the insured, the court was right in its action in the premises. We cannot, however, so dissociate the claim for a death benefit from the requirements as to immediate notice of the accident. As we have before stated, the policy as to this contingency reads:

"Or if death results from such injuries alone within 90 days, will pay $5,000 to Catharine Nax, wife, if surviving; * * * provided immediate written notice, with full particulars and full name and address of insured is to be given said company at Hartford, Conn., of any accident and injury for which claim is made."

We do not think there can be any question that, by this language of the contract, a reasonably immediate notice of the accident, as stipulated for, is a condition precedent to the claim for the same to be paid in case of death resulting therefrom. Of course, as we have already said, the requirement of immediate notice will be construed with reference to the circumstances of the case, and if there were no reasonable opportunity for the giving of such notice prior to the death, a notice within reasonable time thereafter would be held to comply with the requirement. Such a case, however, is entirely different from the one at bar, where the failure to give the required notice during the long period intervening between the accident and the death of the insured, fails to be satisfactorily explained. That such unexplained failure of notice should bar recovery for any of the consequences of an accident, which would otherwise create liability under the policy, is neither unconscionable nor unreasonable. For a very small payment (in this case $38) the insurer contracts to make certain weekly payments to the insured, by way of indemnity for injuries received from accident, certain payments of specified proportions of the principal sum, in case such injuries consist in the loss of an eye, or a limb, respectively, and the whole principal sum (in this case $5,000) in case such injuries result in death. The proviso or condition that immediate written notice be given of the accident, from which these various and increasing liabilities flow, is not unreasonable, in view of the suggestion that such information is to protect the insurer from fraud which might otherwise be practiced upon him, or at least enable him to be satisfied as to the causal connection between the accident and the more serious consequences insured against.

The court below, in its view of the contract, as just stated, relied upon the case of Western Association v. Smith, 85 Fed. 401, 29 C. C. A. 223, 40 L. R. A. 653. A careful examination of this case fails to justify this reference to it as an authority by the court below. The clause in the policy in suit in that case, provided that "in the event of any accident or injury for which any claim should be made under this certificate, *or in case of death resulting therefrom,* immediate notice shall be given in writing," etc. In the present case, the words here italicized do not exist. Upon these words the whole case turned, as is apparent by this language of the court:

"If this contract had simply omitted the words 'or in' case of death resulting therefrom,' and had provided that 'in the event of any accident or injury for which any claim should be made under this certificate, notice of such accident or injury shall be given immediately after it happens,' there would have been no doubt that the beneficiary was required to notify the association of the accident as soon as it occurred.".

The only remaining matter to consider is, should the question, whether the stipulation for immediate notice had been complied with, have been submitted to the jury, or should peremptory instructions to find for the defendant on this point have been given by the court. If in the trial in the court below there had been, as to this point, any disputed facts or doubtful inferences from proven facts, they should of course have been submitted to the determination of the jury; but where, as in this case, there are no disputed facts, but simply an admitted failure of the insured, or of any one on his behalf, to give the immediate written notice stipulated for in the policy, for a period of 72 days, without any satisfactory explanation of such failure, there was no question at all to be submitted to the jury, and the court, as a matter of law, should have found that the stipulation had not been legally complied with. This view of the situation should have been manifested by the court, by peremptory instructions to find for the defendant.

The judgment of the court below must therefore be reversed.