MILLIE B. CHESWELL *vs.* FRATERNAL ACCIDENT ASSOCIATION OF AMERICA.

Suffolk.    March 3, 1908.— June 15, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Insurance*, Accident.    *Payment*.    *Evidence*, Presumptions and burden of proof.

In an action on a policy of accident insurance by the widow of the insured to recover the amount payable upon his death from injuries due to an accident of the kind covered by the policy, the terms of the policy required the plaintiff to show that the death of the insured was due to the accident alone.  The physician who attended the insured after the accident testified that in his opinion the accident was the sole cause of death.  There was testimony of the plaintiff and others as to the appearance and condition of the insured before and after the accident which the jury could find tended to support the same conclusion. There was testimony as to whether the insured had been suffering from diabetes, and an attending physician testified that he was unable to tell whether the accident was the sole cause of death or not.  There also was in evidence an application by the insured to the defendant for a weekly indemnity under the policy made at a time when he supposed that he had recovered from his injuries. *Held*, that the question whether the accident was the sole cause of the death of the insured was one eminently for the jury and that a finding by them that such was the case was warranted by the evidence.

In an action on a policy of accident insurance by the widow of the insured to recover the amount payable upon his death from injuries due to an accident of the kind covered by the policy, it appeared that the insured had applied to the defendant for a weekly indemnity for his loss of time resulting from the accident which caused his death, and in his application had agreed that the indemnity when paid should be in full discharge of any and all claims under his policy against the defendant on account of the injuries in question and should release and forever discharge the defendant from all liability under the policy on account of those injuries.  There was evidence that a letter containing a check for the amount claimed by the insured as weekly indemnity, properly addressed to the insured with a return imprint on the envelope in which it was enclosed and with postage prepaid, was mailed to the insured by the defendant's treasurer a few days before the death of the insured and that it never had been returned to the defendant.  The defendant admitted that the check never had been used by the insured, and the plaintiff testified that she never had seen it, and that after the death of the insured she examined his clothes and pocket book and looked

through his effects and found no check of the defendant. *Held*, that on this evidence the jury would be warranted in finding that the check never had been received by the insured and consequently that the weekly indemnity to which he made claim never had been paid to him.

CONTRACT by the widow of William T. Cheswell, the chief of the fire department of the city of Boston, upon a policy of accident insurance to recover $1,250 and interest alleged to be due under such policy upon the death of the plaintiff's husband on February 15, 1906, alleged to have been caused by his being thrown violently from his carriage while he was responding to an alarm of fire on December 20, 1905. Writ dated July 23, 1906.

In the Superior Court the case was tried before *White*, J. The findings warranted by the evidence are stated in the opinion. At the time the policy was issued the insured was a district chief of the fire department of the city of Boston and at the time of his death was the chief of that department as stated above. It appeared that on December 20, 1905, he was severely injured in the manner stated above and was removed on the same day to the Massachusetts General Hospital, where he was placed under the care of Dr. H. H. A. Beach, and was discharged therefrom, much relieved, on December 29, 1905. He thereupon returned to his home, and remained in his house until January 22, 1906, when he resumed his duties as chief of the fire department. These duties he continued to perform until February 15, 1906, when, in the early morning, while directing his subordinates at a fire on Commercial Street, Boston, he suddenly was taken ill, was removed immediately to the relief hospital in Haymarket Square, and died there in less than three minutes after his arrival. No post-mortem examination was made.

The policy sued upon, omitting the provisions immaterial to the case, was as follows:

" No. 19687                                                    Amount $1250
 Age 49                                                        Class 5
                          Fraternal Accident.
                      Association of America.
          Located at Westfield, Massachusetts, Hampden Co.
                      Accident Certificate.

" In consideration of the warranties in the application, a copy of which is endorsed hereon, for this certificate and the agree-

ment on the part of the certificate holder to accept the conditions contained in this certificate as the basis of this contract, and in consideration of five dollars paid by William T. Cheswell of Boston, County of Suffolk, State of Massachusetts, Occupation District Chief Fire Department, the receipt whereof is hereby acknowledged, does hereby constitute the said applicant a certificate holder of said Association and agree to pay to the said certificate holder subject to the terms, qualifications, and conditions in this certificate contained and endorsed on the back hereof, the following sums of money, viz:

" The sum of ten dollars per week for a period not exceeding fifty-two consecutive weeks as indemnity for loss of time resulting from bodily injury so effected during the life of this certificate through external, violent, and accidental means which shall independently of all other causes, immediately and wholly disable him from transacting any and every kind of business pertaining to his occupation above stated. .

.    .    .    .    .    .    .    .    .

". . . And the said Association agree to pay to Mrs. Millie B. Cheswell (wife) if living, if not, to the executors or administrators of said member, in trust however, for and to be forthwith paid over to his heirs at law the sum of Twelve hundred fifty dollars if the death of the certificate holder shall result from such injuries alone within ninety days from the date of said accident. Except that if the insured is injured while engaged temporarily or otherwise in any occupation or exposure classed by this Association as more hazardous than that here given, his insurance and weekly indemnity shall only be so much as the premium paid by him will purchase at the rates fixed for such increased hazard.

" In witness whereof, the Fraternal Accident Association of America has caused this certificate to be signed and sealed by its President. and Secretary, at Westfield, Hampden County, Mass., this certificate to take effect at 12 M. Noon this second day of February, 1894.

[Seal]                         " Jas. Noble, Jr. President,
                                H. N. Kingsbury, Secretary."

[Indorsed on back of Certificate.]

" Conditions.

" Third. This Association may cancel this certificate at any time by returning to the certificate holder any and all moneys paid by the certificate holder to the Association, less a pro-rata share for the time it has been in force.

" Fourth. The total liability of this Association on this certificate shall not exceed in any event the principal sum within mentioned, therefore in case of death claim any sums previously paid as indemnity shall be deducted from said principal sum."

" Ninth. This insurance does not cover disappearance nor injuries of which there is no external visible mark upon the body; nor accident, nor death or disability resulting wholly or partly, directly or indirectly, from any of the following causes, or while so engaged or affected:

" Disease or bodily infirmity. Hernia, fits, vertigo, sleep-walking."

The application of the insured to the defendant for weekly indemnity under the policy referred to in the opinion was as follows:

" Westfield, Mass., Feb. 2, 1906.

" I, William T. Cheswell, a resident of Boston, Mass., County of Suffolk, State of Mass., by occupation Chief Fire Dept. holding Policy No. ——— in the Fraternal Accident Association of America, do depose and say that on the 20th day of December, 1905, at 12 o'clock M., I received accidental bodily injuries as described in my formal notification of accident, and in proof of my claim for indemnity I make answers to the following questions, which I warrant to be true:

" 1. When did you cease to perform the duties of your occupation or profession? Dec. 20th, 1905.

" 2. When did you first secure the service of a physician or surgeon? Within five minutes.

" 3. What are the duties of the occupation in which you were injured? State them all. To respond to alarms of fire in the City of Boston and take command of the Fire Dept."

" 5. Was the accident of such serious nature and extent as to

prevent you from performing any and all of the duties of your occupation? Yes.

" 6. How long were you confined to your house? From Dec. 20 to Jan. 22. To your bed? 9 days at Mass. Gen. Hospital.

" 7. If not confined to the house, state how your time was employed. Confined to house.

" 8. What duties have you been able to perform in your regular occupation, or otherwise? None.

" 9. Were you suffering from any disease or infirmity other than that which was the direct result of the accident during the period for which you.claim indemnity? None.

" 10. When did you first resume any of the duties of your occupation? Jan. 22nd, 1906.

" 11. When did you resume most of the duties of your occupation? Jan. 22nd, 1906.

" 12. For what length of time were you wholly disabled and prevented from attending to or performing any part of the duties of your occupation or those of any other remunerative employment? From the 20th day of Dec. 1905, to the 22nd day of Jan. 1906."

" 15. I claim full indemnity for 4 weeks, 4 days, at $10. per week, $45.71 and which, when paid, shall be in full discharge of any and all claims under my policy against the Fraternal Accident Association of America on account of the personal injuries aforesaid, and will release and forever discharge the said Association from all liability under Policy or Certificate No. 19687 on account of injuries received on the 20th day of Dec. 1905.

" 16. I hereby declare that I am the person insured under Policy No. 19687, and have received personal bodily injuries caused solely by an accident, unforseen, occurring without design or intention, due wholly to violent means, external to the body, and not caused or contributed to by any disease or bodily infirmity whatsoever. I hereby warrant the truth of the answers to all questions contained in this application for indemnity and in the formal notification of accident, and that I have not abstained from my usual occupation, either wholly or partially, longer than was absolutely necessary. That I was not under the influence of intoxicating liquors or narcotics at the

time of the accident. This statement is made by me with the understanding that by receiving it the Association waives no right on account of my failure to comply with any of the provisions or conditions of the policy or any other defense it may have.

"Wm. T. Cheswell."

This foregoing application was received by the defendant on February 9, 1906, and a letter was written acknowledging its receipt. On February 10, 1906, a check of the defendant for $45.71 payable to the order of the insured was mailed to the insured at his address in Boston in a letter of the same date, signed by N. N. Kingsbury as secretary and treasurer of the defendant, saying, "Enclosed find our draft No. 5603 in full payment of your claim No. 6726 against this association." The postage on this letter was prepaid and the envelope containing it had the defendant's business address in the upper left hand corner. In the defendant's brief was the statement, "This check was not used by Mr. Cheswell during his lifetime and had not been returned at the time of trial in the lower court." The plaintiff testified that she never had seen the check and that after her husband's death she examined his clothes and pocket book and looked through his effects and found no check of the defendant.

At the close of the evidence the judge refused to rule that upon the whole evidence the plaintiff was not entitled to recover and also refused to make other rulings requested by the defendant which have become immaterial because the exceptions founded on their refusal were not argued.

The judge submitted to the jury the following questions, to which the jury returned the answers which are appended:

"Did the death of William T. Cheswell, on February 15th, 1906, result, alone and independently of all other causes, from the injuries which he sustained in consequence of the accident which occurred to him on December 20th, 1905?" "Yes."

"Did William T. Cheswell, in due course of the mail, and in due course of business, receive from the defendant its check for $45.71 in full discharge of any and all claims under the policy set out in the plaintiff's declaration?" "No."

The jury returned a general verdict for the plaintiff in the sum of $1,309.38; and the defendant alleged exceptions.

*A. E. Denison,* for the defendant.

*R. Homans,* for the plaintiff.

MORTON, J.   There were two questions in this case, both of fact for the jury under suitable instructions.   One was whether the death of the insured was due to the accident alone.   The other was whether the insured had received payment of the weekly indemnity to which he made claim.   If the death of the insured was not due to the accident alone, then, under the terms of the policy, the plaintiff was not entitled to recover.   And if the insured had received payment of the weekly indemnity, then the conditions under which he received it operated to release the association from all further liability under the policy on account of the injuries received by him from the accident.   Two questions embodying these issues were submitted by the presiding judge, without objection, to the jury who answered both in favor of the plaintiff, and returned a general verdict for her.   The case is here on exceptions by the defendant to the refusal of the presiding judge to give certain instructions that were requested, of which the first, and the only one that has been argued, was, that upon all of the evidence the plaintiff was not entitled to recover.

There clearly was evidence warranting the jury in finding that the accident was the sole cause of death.   Dr. Beach, who attended the insured after the accident, testified that in his opinion the accident was the sole cause of death.   There was also testimony from the widow and others as to the appearance and condition of the deceased before and after the accident which the jury could properly find tended in the same direction.   It was for the jury to give such weight as they saw fit to the fact, if they found that it was a fact, that he had been and was suffering from diabetes, and to the testimony of Dr. Vickery, an attending physician, that he was unable to tell whether the accident was the sole cause of death or not, and to the statements made by the insured himself in his application for the weekly indemnity. The jury were told by the presiding judge, in instructions not otherwise excepted to, and which they could not have failed to understand, that they could not find for the plaintiff, or answer the question in the affirmative unless they were satisfied that the accident was the sole cause of death.   The question, whether

it was the sole cause of death, was one eminently for them, and they have found, as there was evidence to warrant them in doing, in favor of the plaintiff, and we do not see how their finding can be disturbed.

In regard to the other question there was evidence tending to show that a check duly addressed to the insured and with a return imprint upon the envelope in which it was enclosed and prepaid was mailed to the insured by the treasurer of the defendant association a few days before the death of the insured and that it never had been returned to the defendant. It was admitted by the defendant that the check never had been used by the insured, and the widow testified that she had never seen it, and that after the death of the insured she examined his clothes and pocketbook and looked through his effects and found no check of the defendant. In this state of the evidence it was competent for the jury to find that the check never had been received by the insured and consequently that the weekly indemnity to which he made claim had never been paid to him. On this branch of the case also, the judge gave full instructions which we think correctly stated the law. None of the instructions requested by the defendant on this or the other branch of the case could have been properly given in the form in which they were presented. We discover no error in the manner in which the presiding judge dealt with the case.

*Exceptions overruled.*