ARCHIBALD E. McCORD *vs.* MASONIC CASUALTY COMPANY.

Suffolk.    January 21, 1909. — March 29, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Insurance,* Accident.    *Notice.    Waiver.*

A certificate of accident insurance specified as one of the conditions on which the insurer agreed to pay the sums specified in the certificate the following: "Unless notice of said disability shall be given in writing to the home office of the company, at Boston, Mass., within two weeks of the commencement of the disability or death together with full particulars thereof, all claim under this certificate shall be forfeited." On the twenty-sixth day of a certain month the insurer received at its office in Boston a letter from the insured, written in San Francisco, dated on the twentieth day of the month, notifying the insurer of an accident to the insured at Lundy, California, on the sixth day of the month. *Held,* that the meaning of the clause was that notice should be received by the insurer at Boston within the two weeks specified, and that, as the notice was not received until twenty days after the accident, there was no right of action.

A notice which is required to be given to a certain person at a specified place is not given until it reaches the person named at the place specified.

A condition in a certificate of accident insurance, that notice of any disability shall be given at the home office of the insurer within two weeks of the commencement of the disability, is not waived by the insurer, which has received twenty days after an accident to a certificate holder the first notice of such accident, mailing to him a blank form for preliminary proof of his claim, containing a clause stating that "the furnishing of these forms must not be construed as the admission of any claim," and, in an action on the certificate, such sending of the blank form is not evidence warranting the finding of a waiver.

CONTRACT on an accident certificate insuring against disability caused by certain specified accidents. Writ in the Municipal Court of the City of Boston dated April 16, 1906.

On appeal to the Superior Court the case was tried before *Lawton,* J. At the trial the following facts appeared:

One of the conditions on which the defendant agreed to pay the sums specified in the certificate was stated in these words: "Unless notice of said disability shall be given in writing to the

Home office of the company at Boston, Mass., within two weeks of the commencement of the disability or death, together with full particulars thereof, all claim under this certificate shall be forfeited."

On December 26, 1905, the company received at its office in Boston a letter from the plaintiff, written at San Francisco, dated December 20, notifying it of "an accident at Lundy, California, on the 6th inst." On the receipt of this letter the company mailed to the plaintiff a blank form for a preliminary statement unaccompanied by any letter. This blank began in these words:

"Mr. A. Everard McCord.

"Dear Sir: — Having received notice of your intention to claim compensation under your certificate for injuries just received, we enclose herewith forms, requesting that you attend to the execution of the same with as little delay as possible, returning these papers to this office within seven days from this date at the latest. The furnishing of these forms must not be construed as the admission of any claim.

"No claim can be entertained without the certificate of a duly qualified and registered surgical practitioner.

"Yours respectfully,

"William H. Knapp, Secretary.

"Note.— This blank is not intended for final proof, and where the disability is likely to continue for a considerable time, a blank will be mailed to enable the claimant to make final proofs, unless settlement shall be made on receipt of this blank."

This blank was filled out by the plaintiff and mailed to the defendant. It was received on January 8. On the next day the defendant, by its secretary, wrote to the plaintiff a letter in which it set forth the above provisions and then continued in these words: "You state that your accident occurred Dec. 6, 1905, whereas, notice was received by the company Dec. 26, 1905, therefore, we can only say that we see no way in which we can possibly allow your claim much as we regret that you did not come within the provisions of your certificate."

It was admitted at the trial, if material, "that notice of an accident is received from any source, formal or informal, by

postal, telephone, telegraph or letter from the injured party or from a third person indifferently. That upon any such notification, whether within the stated period of two weeks or later, it is the invariable custom of the company to send out the blank form for 'preliminary statement.' "

The judge refused to rule that notice was not given within the time limited in the certificate. He found as a fact that the defendant waived the requirement as to the time of giving notice, and reported the case for determination by this court. If on the facts the plaintiff was entitled to recover, judgment was to be entered for him in the sum of $140, with interest from the date of the writ; otherwise, judgment was to be entered for the defendant.

*W. E. Dorman,* for the plaintiff.

*H. W. Ogden,* for the defendant.

LORING, J.  1. The purpose of the clause requiring notice to be given to the company at its home office in Boston, within two weeks of the commencement of the disability, is manifest. It was to enable the company at the proper time to make the necessary investigations to determine the merits of the claim, and if in its judgment it was not a meritorious one, to prepare for its defense. Having this purpose in mind, there can be no doubt of the true construction of the clause. The clause means that notice shall be received by the company at Boston within the two weeks. Notice to a person, particularly notice to a person at a specified place, is not given until it reaches the person named at the place specified.

This certificate, in requiring notice to be given, stands on all fours with the employers' liability act, R. L. c. 106, § 75, and the highway act, R. L. c. 51, § 20. It has been assumed, and in our opinion rightly assumed, that notices under those statutes must be received within the time there limited to make out a compliance with those acts. *Shea* v. *New York, New Haven, & Hartford Railroad,* 173 Mass. 177. *McCarthy* v. *Dedham,* 188 Mass. 204. See also in this connection *Cheswell* v. *Fraternal Accident Association,* 199 Mass. 267. *United States Mutual Accident Association* v. *Mueller,* 151 Ill. 254. *Crown Point Iron Co.* v. *Ætna Ins. Co.* 127 N. Y. 608. The wording of the policy before the court in *Manufacturers & Merchants' Ins. Co.* v. *Zeit-*

*inger*, 168 Ill. 286, relied on by the plaintiff, is not the same as that of the clause here in question. If the wording of that policy ought to be taken to be tantamount to the wording in this certificate, we are of opinion that the decision is not in accord with the weight of reason or authority and should not be followed.

2. In our opinion there was no evidence warranting a finding that the defendant had waived its right to have notice given it within the two weeks.

It is to be noted that this is not a case where the plaintiff has been induced to forego doing something which he might have done had he not been lulled into a false belief that nothing more was necessary. It is not like the case of a defect of form in a notice where the time for giving notice has not expired. See *Cook* v. *North British & Mercantile Ins. Co.* 181 Mass. 101, 103, 104. In the case at bar (as in *Cook* v. *North British & Mercantile Ins. Co.*) the objection to the notice was that it was not given within the prescribed time. That defect could not be cured by further action on the part of the plaintiff. But even in that class of cases there may be action on the part of the company which amounts to a waiver. See for example *Moore* v. *Wildey Casualty Co.* 176 Mass. 418.

We are of opinion, however, that there was nothing in the case at bar which warranted a finding that the failure to give notice within the time specified had been waived by the defendant company. All that the company did was to forward to the plaintiff a blank which in terms stated that " the furnishing of these forms must not be construed as the admission of any claim." The plaintiff relies on the case of *Peabody* v. *Fraternal Accident Association*, 89 Maine, 96. The policy there in question was like the certificate now before us. But the acts which were held to constitute a waiver were quite different. There the company not only sent a blank for a preliminary proof, containing a clause similar to that in the case at bar, but in addition sent a blank for a final proof which contained no such clause; and made through its agents a bodily examination of the plaintiff. The facts of that case are like *Moore* v. *Wildey Casualty Co.* 176 Mass. 418, and the decision was in terms ultimately made on that ground. There is a statement in the opinion in that case that sending the blank for the preliminary proof with the special

clause " was strong evidence of waiver." But we are of opinion that it is not evidence which warranted a finding of waiver. We have examined all the cases cited by the plaintiff. The cases of *Hohn* v. *Interstate Casualty Co.* 115 Mich. 79, *Hibernia Ins. Co.* v. *O'Connor*, 29 Mich. 241, *Burlington Ins. Co.* v. *Lowery*, 61 Ark. 108, and *Badger* v. *Glens Falls Ins. Co.* 49 Wis. 389, come within the same class as *Moore* v. *Wildey Casualty Co.* and *Peabody* v. *Fraternal Accident Association.* The other cases relied upon by him do not need special notice, except the case of *Meech* v. *National Accident Society*, 50 App. Div. (N. Y.) 144. That is the only decision which has come to our notice on the point now before us. It supports the conclusion at which we have arrived.

By the terms of the report the entry must be

*Judgment for the defendant.*