## CALLEN v. MASSACHUSETTS PROTECTIVE ASS'N, Inc.

Circuit Court of Appeals, Eighth Circuit.
February 8, 1928.

No. 7658.

1. Insurance ⟢146(1)—Policy Is to be construed according to the ordinary sense and meaning of terms employed.

If the terms of a policy of insurance are clear and unambiguous, they are to be taken in the plain, ordinary, and popular sense.

2. Insurance ⟢539(1), 612(2)—Provision requiring proof of loss to be made within 90 days is valid, and compliance therewith is condition precedent to recovery on policy.

Provision of life policy that affirmative proof of loss must be furnished within 90 days after the date of such loss is valid, and compliance therewith is a condition precedent to recovery on the policy.

3. Insurance ⟢634(2)—Petition in action on life policy held not to show that notice of death was given as soon as "reasonably possible."

Under a provision of a life policy excusing failure to give notice of loss within the time prescribed "if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as reasonably possible," an allegation in the petition in an action on the policy by the beneficiary, wife of insured, that she accepted the verdict of suicide of the coroner's jury without investigation until two years after the death, held insufficient to show that it was not reasonably possible to give notice sooner.

4. Insurance ⟢395—Insurer's denial of liability for failure to pay premiums is not waiver of any other defense.

Denial of liability by insurer on ground of default in payment of premiums is not waiver of any other defense.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action at law by Essie M. Callen against the Massachusetts Protective Association,

Inc. Judgment for defendant on demurrer, and plaintiff brings error. Affirmed.

George Siefkin, of Wichita, Kan. (Robert C. Foulston, W. E. Holmes, D. W. Eaton, Sidney L. Foulston, and Lester L. Morris, all of Wichita, Kan., on the brief), for plaintiff in error.

Joseph G. Carey, of Wichita, Kan. (R. R. Vermilion, Earle W. Evans, and W. F. Lilleston, all of Wichita, Kan., on the brief), for defendant in error.

Before. VAN VALKENBURGH, Circuit Judge, and REEVES, and OTIS, District Judges.

REEVES, District Judge. From the action of the trial court in sustaining a demurrer to her petition, plaintiff sued out a writ of error. The parties will be referred to in this opinion as plaintiff and defendant, respectively. Such were the designations in the trial court.

The averments of the petition show that the plaintiff was the beneficiary in a policy of accident insurance, dated April 5, 1921, insuring plaintiff's husband, Rolland C. Callen, "against loss resulting from * * * bodily injuries effected directly and independently of all other causes by accidental means * * * and due solely to external, violent, and involuntary causes."

· The policy had been issued by the Masonic Protective Association of Worcester, Mass., but the obligations thereof had been regularly assumed by the defendant.

Plaintiff alleged in her petition that "on or about the 4th day of December, 1922, the said Rolland C. Callen met his death 'by accidental means, due solely to external, violent, and involuntary causes, to wit, asphyxiation," and "that the plaintiff herein did not, until on or about the 1st day· of December, 1924, learn that the death of the said Rolland C. Callen resulted directly from accidental means, due solely to external, violent, and involuntary causes as defined by said policy of insurance, but immediately upon· learning of such facts, she caused her attorneys * * * to notify * * * the Massachusetts Protective Association, Inc., of the fact of said death and that claim would be made under the term of said policy, true and correct copies of which letters are attached hereto as Exhibits B and C and made a part hereof."

Exhibit C, referred to in the petition,· being a, letter to the defendant from the attorneys of the plaintiff, dated ·December 2, 1924, contained the following pertinent statement:

"Circumstances surrounding the death were such that the coroner's jury returned a verdict·of suicide, which was accepted by the widow without investigation and no claim made under your policy."

The policy provisions devolved upon the beneficiary the duty to furnish the insurer affirmative proof of loss "within ninety days after the date of such loss," and stated that "failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

There was a further averment in the petition to the effect that, in replying to plaintiff's communications of December 1 and 2, 1924, the defendant had denied liability upon the sole ground that the policy had lapsed for nonpayment of premiums.

It is contended by the plaintiff that the notice of death was given in accordance with the terms of the policy. She asserts, moreover, that any defect of such notice was waived by the defendant when it denied liability on other grounds. These will be noticed in the opinion.

[1, 2] 1. The parties are in agreement that the questions here involved are of contract. Policies of insurance, as other contracts, should be construed "according to the ordinary sense and meaning of the terms employed, and, if they are clear and unambiguous, their terms are to be taken in the plain, ordinary, and popular sense." St. Paul Fire & Marine Ins. Co. v. Ruddy (C. C. A.) 299 F. 189, loc. cit. 193. The policy provided that "affirmative proof of loss must be furnished * * * within ninety days after the date of such loss." This is a valid provision of the policy, and compliance therewith is a condition precedent to the enforcement of the policy. Travelers' Ins. Co. v. Nax (C. C. A.) 142 F. 653, loc. cit. 657, 658; 1 C. J. 471.

[3] The· plaintiff apparently understood and appreciated the force of this obligation. In her petition she sought to avail herself of that provision of the policy to the effect that -"failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

The invalidity of her claim is obviously acknowledged unless delay in giving notice of the loss. could be excused or justified under the above provision. Plaintiff attempts to

do this by the statement that she "did not, until on or about the 1st day of December, 1924, learn that the death of the said Rolland C. Callen resulted directly from accidental means, due solely to external, violent, and involuntary causes as defined by said policy of insurance, but immediately upon learning of such facts, she caused her attorneys * * * to notify" the defendant. Her failure to learn of the cause of death was explained as follows:

"Circumstances surrounding the death were such that the coroner's jury returned a verdict of suicide, which was accepted by the widow without investigation and no claim made under your policy."

. The only question, therefore, for our determination, is whether "notice was given as soon as was reasonably possible."

Plaintiff knew of the existence of the policy and its provisions, and she knew of the circumstances surrounding the death of the insured. It is alleged, however, that she accepted the verdict of the jury to the effect that the insured committed suicide. For a period of two years she made no investigation that would lead to the discovery that her husband's death may have been due to other causes. No explanation is made why the knowledge now acquired by her could not have been gained by an investigation made at the time the death occurred or within a reasonable time thereafter. There is no allegation of such circumstance as would now disclose facts not discoverable when they occurred and before they were obscured by time.

In Metropolitan Casualty Ins. Co. v. Johnston (C. C. A.) 247 F. 65, 7 A. L. R. 175, the court had under consideration an expression almost identical with that found in the policy in the instant case to the effect that "notice * * * was given as soon as was reasonably possible." The court construed this to be the equivalent of reasonable notice and commented:

"The legal meaning of both is that notice shall be given within a reasonable time. What is a reasonable time depends upon the circumstances of the case and upon the reasonable opportunity for giving notice which the circumstances afford the one upon whom devolves the duty of giving it."

14 R. C. L. § 502, is to the same effect.

The petition fails to show that it was not reasonably possible for plaintiff to have given an earlier notice. On the contrary, it appears that she could have given notice immediately upon the death of her husband. She either then knew all the facts or could have easily ascertained them. This could have been done as readily as in her "investigation * * * in the last few days," which was two years after the death of the insured. The mere acceptance of the coroner's verdict as true would not excuse the delay.

Under such circumstances, the facts not being controverted and being free from doubtful inference as to the reasonable impossibility of giving the notice, it becomes the duty of the court to declare as a matter of law that the condition precedent has not been performed, and that in consequence no cause of action is stated. Metropolitan Casualty Ins. Co. v. Johnston, supra.

[4] 2. The denial of liability upon the specific ground that the insured was in default in payment of premiums was not a waiver of any defenses which the defendant might desire to interpose. It was not bound to state specifically the grounds of its claim of nonliability. Moreover, plaintiff was not misled by the statement. Becker v. Interstate Business Men's Acc. Ass'n (C. C. A.) 265 F. 508; Travelers' Ins. Co. v. Nax (C. C. A.) 142 F. 653.

The judgment of the trial court was correct, and should be affirmed. It is so ordered.