### EDWIN S. WARTMAN *vs.* GEORGE F. BREED.

Suffolk. Nov. 17, 1874. — Jan. 11, 1875. WELLS & DEVENS, JJ., absent.

In an action for goods sold and delivered, the defendant's evidence tended to show that the goods were sent to him under an agreement by which he was to pay for them if they were satisfactory to him, and, if not satisfactory, they were to remain in the defendant's store to be otherwise disposed of by the plaintiff, or to be sold by the defendant for the plaintiff; that the goods were not satisfactory, and were not accepted. The defendant, when requested to send a note, wrote that as the goods were sent on memorandum and were not yet sold, he could not give a note. There was also evidence, uncontradicted, that the term "memorandum" was used to designate goods sent by the seller subject to the buyer's approval, to be kept if satisfactory, and if not, notice of non-acceptance to be given to the seller The defendant asked the judge to rule that if the plaintiff sent the goods with the understanding on both sides that the defendant was to examine them, and if he was satisfied with them, to take and pay for them, and if not to make such disposition of them as the plaintiff should order, and the defendant was not satisfied with them and did not accept them, the defendant was entitled to a verdict. The judge refused so to rule, and instructed the jury that on the evidence of the defendant he was bound to give reasonable notice of his refusal to accept the goods, and if he neglected so to do, they must find for the plaintiff. *Held*, that the defendant had good ground of exception.

CONTRACT to recover the price of two cases of leather alleged to have been sold by the plaintiff to the defendant. Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions in substance as follows:

The plaintiff and the defendant are both manufacturers of and dealers in leather, the former at Philadelphia, the latter at Boston. The plaintiff's evidence tended to show that the defendant

ordered both cases of leather, the first in March, 1872, which was delivered in April following, and the second was delivered about May 20, 1872, and ordered shortly before, and that there was nothing in either transaction to distinguish it from an ordinary sale.

The defendant offered evidence tending to show the following facts: The defendant called at the plaintiff's place of business in March, 1872. The plaintiff told him what kinds of leather he proposed to manufacture, and solicited an order from him. He then had no leather finished, and the defendant therefore refused to give an order because he could not inspect samples. The plaintiff then asked what kinds of leather he was selling, and being informed made the following proposition to the defendant: that when his leather was finished he should send on to him a case containing a variety of skins as samples of his goods; that if the skins were satisfactory to the defendant he should take them and pay for them in four months; that if they were not satisfactory they should remain in the defendant's store until the plaintiff came to Boston, which he expected to do in a few weeks, when he would tell the defendant where to send them. The defendant assented to this proposition. A few weeks after the skins arrived, being the first case named in the declaration, but were not satisfactory, and were not accepted by him. Shortly afterward, the plaintiff came to Boston, as he had intended, and called at his store; and the defendant informed him that the goods were not satisfactory, and why; and that he had not accepted them, and asked where he should send them. The plaintiff admitted that they were not good, but said that he had no place to send them to, and requested him to let them remain in his store until he should direct him where to send them, and to try to sell them upon certain terms which he fixed. The defendant consented to do so. The plaintiff then asked permission to send on another case of samples upon the same terms as the first, to which the defendant assented. This case was afterwards sent, and proved unsatisfactory to the defendant, and was not accepted by him.

There was no evidence tending to show that any notice that this second case of goods had not been accepted was sent to the plaintiff from May 25, when the goods left Philadelphia, until July 22, following, when, in answer to a letter from the plaintiff,

which was not put in evidence, the defendant wrote the following letter:

"Boston, July 22, 1872. E. S. Wartman, Esq. Dear Sir: Yours of the 15th is received requesting note. As the stock was sent on memo., and is not yet sold, I cannot give note for it at present. Yours respectfully, George F. Breed."

The goods remained in the defendant's store till November 9, 1872, when they were destroyed by fire. Six skins had been sold as samples, but there was no evidence to show out of which lot they were sold.

The plaintiff in his testimony denied that the defendant told him that the goods were not satisfactory at any time. The testimony on both sides showed that the term "on memorandum" was used to designate goods sent by the seller subject to the buyer's approval, to be kept if satisfactory, and if not, notice of non-acceptance to be given to the seller.

The defendant asked the judge to instruct the jury as follows: "If the jury find that the plaintiff sent the goods with the understanding on both sides that the defendant was to examine them, and if he was satisfied with them, to take and pay for them, and if not, to make such a disposition of them as the plaintiff should order, and the defendant was not satisfied with and did not accept them, they must find for the defendant."

The judge refused to give this instruction, but instructed the jury that if the agreement between the parties was what the defendant had testified to, the defendant was bound to give reasonable notice of his refusal to accept the goods, and if he neglected so to do they must find for the plaintiff.

Other instructions were given by the judge as to what was reasonable time, to which no exceptions were taken. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*M. Storey*, for the defendant. The ruling given improperly withdrew from the jury an issue of fact. The defendant, at the trial, did not dispute the rule that ordinarily a purchaser of goods is bound to give reasonable notice of non-acceptance, if the goods do not comply with the order or sample; but he contended that in this case there was an actual agreement between him and the plaintiff that the *onus* of giving such notice was not to be

upon him, or that if he was so bound primarily, the plaintiff had waived such notice ; and he introduced evidence on these points. As to the first case of goods, the testimony of the defendant, if believed by the jury, was conclusive that there had been no sale or acceptance of the goods, and that the duty of giving notice was not to rest upon him, but that he was to await the plaintiff's visit to Boston, and also that the plaintiff had subsequently waived any want of notice, and treated the goods as his own. The same is true in reference to the second case of goods, which was sent upon the same terms as the first. The ruling was in effect, either a ruling that, although the plaintiff had by agreement primarily dispensed with, or had subsequently waived notice, the law still imposed upon the defendant the necessity of giving it ; or it was a ruling that there was no evidence in the case from which the jury could find such agreement or waiver. There being such evidence, it should have been submitted to the jury. *O'Kelly* v. *O'Kelly*, 8 Met. 436. *Denny* v. *Williams*, 5 Allen, 1, 4. *Lane* v. *Old Colony Railroad*, 14 Gray, 143.

*W. F. Slocum & W. S. Slocum*, for the plaintiff. 1. The defendant's testimony tended to show that the plaintiff was to send the goods from Philadelphia to the defendant in Boston, and if they were satisfactory the defendant should take them and pay for them ; that the goods were sent " on memorandum," which term " was used to designate goods sent by the seller subject to the buyer's approval, to be kept if satisfactory, and if not, notice of non-acceptance to be given to the seller ; " that the goods were sent and received into the defendant's store, and some of them had been sold by him ; that after the goods were received, the plaintiff was at the defendant's store in Boston ; that a letter was written requesting payment, in answer to which the defendant wrote the letter mentioned in the exceptions ; and that those goods which were not sold by him remained in his store six or eight months, when they were burned. On this evidence the title to the goods passed to defendant, and notice to the plaintiff that the goods were not satisfactory was necessary, and the defendant's request for instructions is wanting in this respect. *Witherby* v. *Sleeper*, 101 Mass. 138. *Perkins* v. *Douglass*, 20 Maine, 317. *Buswell* v. *Bicknell*, 17 Maine, 344. *Moss* v. *Sweet*, 16 Q. B. 493. *Holbrook* v. *Armstrong*, 1 Fairf. 31, 34. *Washington* v. *Johnson*, 7 Humph. 468.

2. As the fact whether the goods were satisfactory to the defendant or not was only within his knowledge, it was his duty to give reasonable notice, if not satisfactory, to the plaintiff. *Farwell* v. *Smith*, 12 Pick. 83, 88. *Lent* v. *Padelford*, 10 Mass. 230, 238.

3. The defendant's testimony, as shown by the letter and evidence as to meaning of the term " on memorandum," showed an express agreement that if the goods were not satisfactory, notice of non-acceptance should be given to the plaintiff.

4. The sale of part of the goods was an acceptance of the whole, and the instructions asked for were immaterial. *Ray* v. *Thompson*, 12 Cush. 281. *Moss* v. *Sweet*, 16 Q. B. 493.

5. The defendant's letter, written so late as July 25, in answer to a request for payment, gives the status of the goods, and it was then too late to say they were not accepted, especially after sale of part of them. Therefore, the refusal to rule as asked could not prejudice the defendant, and the verdict should not be disturbed. *Fuller* v. *Ruby*, 10 Gray, 285, 288. *Hackett* v. *King*, 8 Allen, 144. *Burke* v. *Savage*, 13 Allen, 408.

6. The instructions asked for by the defendant would have enabled him to keep the goods indefinitely, dispose of part of them, and deal with them as his own; and in no event would it have required him to inform the plaintiff in any way or at any time that the goods were not satisfactory.

COLT, J. In an action for goods sold and delivered, the defendant produced evidence tending to show that the goods were by the agreement to be sent to the defendant's store, and if satisfactory to him were to be paid for, and if not were to remain a few weeks until called for by the plaintiff and otherwise disposed of. The goods were not satisfactory, and were never accepted. The judge was asked to rule that if these facts were found, the verdict must be for the defendant. The judge refused so to rule, and instructed the jury that, if such was the agreement, the defendant was bound to give reasonable notice of his refusal to accept.

A question of fact was thus improperly taken from the consideration of the jury. The defendant contended that the necessity of giving notice was dispensed with or waived by the terms of the agreement, but the ruling was that the law still imposed

upon the defendant the necessity of giving it. There was evidence to justify the jury in finding that the defendant was not required to give notice, and the ruling was erroneous. *O'Kelly* v. *O'Kelly*, 8 Met. 436. *Denny* v. *Williams*, 5 Allen, 1.

*Exceptions sustained.*