PENNSYLVANIA IRON WORKS COMPANY *vs.* HYGEIAN ICE AND COLD STORAGE COMPANY.

Bristol.    October 26, 1903. — April 1, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Contract*, Performance and breach. *Sale*, Acceptance. *Evidence.*

The plaintiff, a manufacturer of and dealer in machinery, made a contract in writing with the defendant, a cold storage company, the substance of which was, that the plaintiff was to deliver on the premises of the defendant a twenty ton evaporating apparatus of a certain type for making ice, and within one month the defendant was to pay the plaintiff $1,500, unless in the meantime it appeared that the apparatus had not a capacity of twenty tons, or unless the defendant notified the plaintiff that the apparatus did not accomplish the results guaranteed by the company from which the plaintiff had procured it and requested its removal. The plaintiff delivered the apparatus of twenty tons capacity upon the defendant's premises in the manner required by the contract, and the defendant kept and used it. The plaintiff sued for the $1,500. *Held*, that, in view of the facts stated above, evidence offered to show that the defendant did not accept the apparatus was immaterial, *also*, that evidence, offered by the defendant, that the apparatus produced bad ice was immaterial, *also*, that evidence, that the defendant expressed

dissatisfaction and that efforts were made to improve the apparatus so that it would produce better ice, was immaterial, as the defendant did not within one month notify the plaintiff that the apparatus did not accomplish the results guaranteed by its maker and request its removal.

CONTRACT, on a contract in writing, with a count on an account annexed covering matters not included in the contract. Writ dated March 21, 1902.

At the trial in the Superior Court before *Lawton*, J., the jury returned a verdict for the plaintiff in the sum of $1,568 upon its liability under the contract; and the defendant alleged exceptions.

The contract declared upon was as follows:

" Memorandum of Agreement made and entered into this thirtieth day of March A. D. 1901.

" Whereas there is existing a contract between the Pennsylvania Iron Works Company, of the City of Philadelphia and State of Pennsylvania, hereinafter known as the Iron Works, and the Hygeian Ice & Cold Storage Company, of Fall River and State of Massachusetts, hereinafter known as the Hygeian Company, which contract bears date of April 28th, 1900, and wherein the Iron Works agrees to furnish, deliver and erect one Ice Making Plant in accordance with specifications attached and made a part of that agreement for a certain consideration ; and further, the said Iron Works having so delivered and erected the Ice Plant, and having received from the Hygeian Co. a certain proportion of the contract price thereof, and in order to obtain final settlement of that account now due of Five Thousand Four Hundred and Twenty-five ($5,425.00) Dollars:

" This Agreement Witnesseth ; that the parties hereto do agree for themselves, successors and assigns, jointly and severally, and bind themselves to the covenants following : —

" The Iron Works will at its own cost and expense deliver on the premises and in the location required in the plant of the Hygeian Ice and Cold Storage Company, in the City of Fall River, Mass., one 20 ton Evaporating Apparatus of the ' Lillie ' or other type of equal capacity, and that the Hygeian Company will in turn deliver on cars (less expense of rigging) free to the Iron Works all that portion of the plant, as installed by the Iron Works above mentioned therein and relating to the Distilling

Apparatus, and not required in the installation of the evaporating system herein provided for.

"Now Therefore for and in consideration of the fulfillment of the covenants of this Agreement, and the signing thereof on the part of the Iron Works and its delivery to the Hygeian Company, accompanied by a copy of agreement between the said Iron Works and the Sugar Apparatus Manufacturing Company, the said Hygeian Company upon its receipt agrees and does hereby agree to execute same in its behalf, and return to the Iron Works, together with cash in the sum of Three Thousand Nine Hundred and Twenty-five (3,925.00) Dollars, less whatever amount of vouchers the Hygeian Company may have paid, directly chargeable to the Iron Works, for advances made for its account for wages, materials, &c. during the installation of the plant; the sum of Fifteen Hundred (1,500) Dollars deducted from the above mentioned total amount to be retained by the Hygeian Co. in its possession until the Iron Works shall have delivered to the Hygeian Company in Fall River, Mass., the above mentioned evaporating apparatus; and, in one month from date of said delivery to the Hygeian Company, the said Hygeian Company will deliver in cash the above sum of $1,500.00, and $250.00 additional less the amount paid out by the Hygeian Company chargeable to the Iron Works under this Agreement, (the time of one month's grace herein allowed between delivery of the apparatus and payment of the cash being given that the Hygeian Company may have the opportunity of determining that the capacity of the apparatus is as stated, *i. e.* twenty tons,) unless the Hygeian Company within that time notifies the Iron Works that the apparatus has failed to accomplish the results guaranteed by the Sugar Apparatus Manufacturing Co., and requests its removal.

"On receipt of this contract, duly executed on behalf of the Hygeian Company and the amount in cash due, the Iron Works hereby agrees to immediately place its order for the apparatus herein provided for, and use its best efforts for the prompt execution of the order and delivery of the apparatus to the Hygeian Company.

"In Witness Whereof the Iron Works has caused its Treasurer to sign and seal these presents, and the Hygeian Company

has set its hand and seal this Thirtieth day of March A. D. 1901."

Here followed the signatures of the parties under seal and the signatures of witnesses.

*R. P. Borden*, for the defendant.

*J. W. Cummings & C. R. Cummings*, for the plaintiff.

MORTON, J.   This is an action to recover money alleged to be due under a written contract and also upon an account annexed.   At the trial it was agreed that the only matters in dispute were, first, the sum of $1,500 alleged to be due under the written contract, second, a balance of $68 also alleged to be due under the written contract, and, third, a claim made by the plaintiff on account of certain machinery which the defendant was to deliver to the plaintiff on the cars at Fall River.   There was a verdict for the plaintiff, in part directed by the judge and in part upon matters submitted to the jury, and the case is here upon exceptions by the defendant to the exclusion of evidence that was offered and rejected, and to the refusal of the presiding judge to give certain instructions that were requested.

The case depends it seems to us upon the construction to be given to the written contract.   There had been a previous contract between the plaintiff and the defendant, under which the plaintiff had delivered to and erected on the defendant's premises at Fall River an ice making plant, and for the purpose of settling and adjusting matters growing out of that contract, the contract in question was entered into.   The plaintiff agreed to deliver on the defendant's premises in Fall River, and in the location required by its ice making plant, a twenty ton evaporating apparatus of the " Lillie " type, or of some other type of equal capacity, and the defendant agreed to deliver to the plaintiff on the cars at Fall River that portion of the plant previously installed which the " Lillie " apparatus superseded.   The defendant also agreed to pay to the plaintiff in one month from the delivery the sum of $1,500, unless, within that time, it notified the plaintiff that the apparatus had failed to accomplish the results guaranteed by the company which contracted with the plaintiff to furnish it, and requested its removal.   This company was the Sugar Apparatus Manufacturing Company.   The contract stated that the month between the delivery of the ap-

paratus and the payment of the $1,500 was given in order that the defendant might have the opportunity to determine whether the capacity of the apparatus was twenty tons as called for by the contract. A copy of the contract between the plaintiff and the Sugar Apparatus Company was attached to the duplicate original of the contract between the plaintiff and the defendant furnished to the defendant, but was in no other way made a part of that contract, the only reference to it being that already mentioned. As we construe the contract between the plaintiff and the defendant, the plaintiff was to deliver on the premises of the defendant in Fall River, in the location required by the existing plant, a twenty ton evaporating apparatus of the "Lillie" or of some other equal type, and within one month after the delivery the defendant was to pay the plaintiff $1,500, unless, in the meantime, it appeared that the apparatus had not a capacity of twenty tons, or unless the defendant notified the plaintiff that it did not accomplish the results guaranteed by the Sugar Apparatus Company, and requested its removal. The plaintiff did not guarantee that the apparatus would furnish merchantable ice free from impurities and odors, or that it would work satisfactorily in connection with the ice making plant already installed. Indeed it would seem from the correspondence that was put in without objection that the plaintiff did not believe that the "Lillie" apparatus would accomplish the results desired, and so informed the defendant, and that the defendant was content to take the risk. All that the plaintiff was required to do was to deliver the apparatus upon the defendant's premises in the location required and thereupon the defendant became bound to pay the plaintiff $1,500 in one month, unless it turned out that the apparatus was not of twenty ton capacity, or unless the defendant notified the plaintiff that the apparatus failed to accomplish the results guaranteed by the sugar company, and requested its removal. It is conceded that the contract did not require the plaintiff to set up the apparatus. The uncontradicted evidence showed that the apparatus was delivered upon the premises of the defendant and in the location required, and that the defendant kept and used it, and that it was included in the property conveyed by the defendant when the plant was sold. In view of the uncontradicted evidence that it was deliv-

ered as required, evidence that it was not accepted was immaterial.   There was no contention that it was not of twenty ton capacity, or that the defendant had delivered to the plaintiff the apparatus superseded by it.   The fact, if it was a fact, which the defendant offered to show, that the apparatus produced bad ice was immaterial.   If the defendant was dissatisfied with the apparatus, it was bound, under the contract, to notify the plaintiff within a month after the delivery and request its removal. There was nothing to show that it did so, or that those provisions of the contract were waived by the plaintiff, or that anything occurred to excuse the defendant from complying with them.   It is true that the defendant expressed dissatisfaction, and that efforts were made to improve the apparatus so that it would produce better ice, but this fell far short of the notice and request required by the contract, or of establishing a waiver on the part of the plaintiff, or of furnishing a valid excuse on the part of the defendant for not complying with the provisions of the contract.   Without attempting to review and consider here the various rulings and refusals to rule to which exceptions were taken, we deem it enough to say, that we discover no error in any of them or in the way in which the case was submitted to the jury.

*Exceptions overruled.*