STAVE & TIMBER CORP. IN NORFOLK, VA., v. A. H. ANDREWS CO.

(Circuit Court of Appeals, Second Circuit. April 17, 1917.)

No. 232.

1. APPEAL AND ERROR ☞1078(3)—REVIEW—POINTS NOT ARGUED.

Where the point was not argued, it would be assumed that denials upon information and belief of the material allegations of the complaint, even in respect of matters plainly within the knowledge of the pleader, were good.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4258.]

2. SALES ☞287(2)—BREACH OF WARRANTY—RIGHT TO RETURN GOODS.

Under a contract for the sale of kilns, containing a guaranty of quality, capacity, and performance, and providing that, in the event of any fail-

ure on the part of the apparatus furnished to do its work properly, the purchaser would notify the seller, and permit it or its agents to have access to the apparatus to remedy any errors in installation or defects of any kind, and that in the event of it not being as agreed, after such opportunity was afforded for correction of errors or defects, the purchaser might, at his option, either pay therefor or ship the apparatus back to the seller, the option on the part of the buyer to either pay for the kilns or return them arose after opportunity was afforded the seller to correct errors or defects, though the purchaser did not attempt to remedy the defects.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 812.]

3. SALES ☞429—BREACH OF WARRANTY—ACTIONS—CONDITIONS PRECEDENT.

Assuming that the warranty survived acceptance, no action or counterclaim for breach of warranty could be maintained, without first paying for the kilns or returning them.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1224-1229.]

Ward, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern District of New York.

Action by the A. H. Andrews Company against the Stave & Timber Corporation in Norfolk, Va. Judgment for plaintiff, and defendant brings error. Affirmed.

Defendant in error (hereinafter called Andrews Co.) contracted in writing with plaintiff in error (hereinafter called Stave Co.) to furnish and erect certain kilns for the artificial drying of lumber. The kilns, after completion, were operated by Stave Co., and a portion of the contract price was paid. This action is for the balance of said price.

In the written contract Andrews Co. guaranteed the quality of materials and the capacity and performance of the kilns when erected. The document concluded with the following: "The purchaser agrees that in the event of any failure on the part of the apparatus furnished to do its work properly he will notify the said the A. H. Andrews Company immediately and permit them or their agents to have access to such apparatus and furnish all reasonable assistance required by the said the A. H. Andrews Company to remedy any errors in installation of apparatus or defects of any kind or character found therein. In the event of said apparatus not being as herein agreed after such opportunity is afforded said the A. H. Andrews Company for correction of any existing errors or defects as above, the purchaser may at his option either pay for the same according to the terms hereof, or ship all the apparatus back to the A. H. Andrews Company. and in case apparatus is returned the said the A. H. Andrews Company will pay the freight both ways upon delivery of the apparatus and refund all money received by them, in payment therefor."

The complaint alleged: "That after the said installation and operation of the said kilns [Stave Co.] notified [Andrews Co.] of certain alleged defects or failures on the part of the apparatus, * * * [Andrews Co.] requested an opportunity, and offered and was at all times able, ready, and willing, to remedy any errors in installation or defects of any kind or character found therein, and duly tendered further performance of said contract, but * * * [Stave Co.] would not perform said contract on its part to be performed, and prevented [Andrews Co.] from any further performance, and [Andrews Co.] duly notified [Stave Co.] that if it did not desire the apparatus to ship it back to [Andrews Co.] as provided in said contract, but [Stave Co.] failed and neglected to perform its contract in said respect and failed to ship back the said apparatus."

The answer admitted: "That after the installation of said kilns [Stave Co.] notified [Andrews Co.] of certain alleged defects therein and of the failure of the said kilns to do the work for which they were purchased; also that [An-

drews Co.] notified [Stave Co.] that if it did not approve said apparatus to ship it back."

The allegations quoted from the complaint and not specifically admitted (as above) were denied "upon information and belief." To the answer was added a counterclaim for breach of warranty, in that the kilns aforesaid were defective in material and performance, to the damage of defendant below in a sum larger than the demand of the complaint. In this counterclaim Stave Co. asserted: "Upon the discovery of the defects and breach of warranty aforesaid, defendant duly notified the plaintiff thereof, and required it to comply at its own expense with the terms of its contract and guaranty, which plaintiff has neglected and failed to do."

Plaintiff below having made a motion for judgment on the pleadings, the same was granted for balance of purchase price, and the counterclaim dismissed, but not on the merits. This writ is to that judgment.

Cullen & Dykman, of Brooklyn, N. Y., for plaintiff in error.

Heyn & Covington, of New York City, for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). We assume with the parties in this case that Andrews Co.'s express warranty of the kilns survived, and was intended to survive, acceptance, and that under ordinary circumstances defendant's procedure in counterclaiming for breach of warranty in a suit for the contract price would not be open to objection. This is the ordinary course of law. The question here is whether the agreement of the parties amounts to a binding contract to pursue another and special procedure, which they are presumed to have preferred and chosen.

[1] As the point has not been argued, we assume that denials upon information and belief of the material allegations of the complaint, and even in respect of matters plainly and certainly within the knowledge of the pleader, are good. Bennett v. Leeds Mfg. Co., 110 N. Y. 150, 17 N. E. 669; Dahlstrom v. Gemunder, 198 N. Y. 449, 92 N. E. 106, 19 Ann. Cas. 771; Kirschbaum v. Eschmann, 205 N. Y. 127, 98 N. E. 328. Upon this assumption it is plain from the pleadings and by the conjoint oath of both parties that the kilns were defective, and did not comply with warranty; that Andrews Co. did not succeed in making them comply, or did not attempt so to do, and did request Stave Co. to return them without expense and receive repayment of so much of the purchase price as had not already been paid.

[2] The contract did not in terms oblige Andrews Co. to remedy defects. It was always possible for the vendors to recognize their own failure without sending good money after bad, in an endeavor (perhaps) to do the impossible. This is plain from the language of the agreement, which provides that, "after such opportunity is afforded" Andrews Co. for "correction of any existing errors or defects," the purchaser could do one of two things; i. e., pay for the kilns, or ship them back without cost, procure return of the price paid, and thus satisfy the contract of sale. It is not provided that the purchaser should have this option only if Andrews Co. attempted to remedy defects; the option arose after an opportunity had been given to remedy defects, and on Stave Co.'s own pleading such an opportunity was afforded and either neglected or resulted in failure.

Argument for plaintiff in error consists in asserting that what we have called the option given the purchaser is stated in words which "are in fact meaningless." This is very far from being true. Warranties of performance (especially) are difficult of fulfillment, depending oftentimes quite as much upon skill in operation by purchaser as in excellence of materials furnished by vendor. Efforts have not been infrequent to avoid by contract exactly such a situation as is here presented, viz. the purchaser of a warranted article pays some amount in advance, declares or finds his purchase to be defective, keeps and uses it with at least partial satisfaction, and leaves the vendor to sue for the cost of the thing sold, against a counterclaim put forward by the man who is using that which he has not paid for. On which side of a contest such as this justice lies is hard to discover upon the fullest evidence, and it is anything but meaningless or idle or unreasonable to avoid such a situation before it can arise.

[3] It is not doubted that, where the language of the parties' contract is clear, that it must be enforced unless illegal; and in this case we find no difficulty in holding, as we do, that it was the intent of the parties to this suit that if the kilns were not up to standard, and Andrews Co. either did not or could not or would not make them conform to the warranty, the purchaser covenanted to tender the kilns back as a condition precedent to any suit for breach of warranty. By the pleadings it is admitted, not only that no such tender was made, but such action was requested by Andrews Co. and refused by Stave Co.

We are not concerned with (and given no opinion regarding) the validity or infirmity of the counterclaim, and no judgment on the merits has been given thereupon. It asserts an independent cause of action, but under the circumstances here revealed by sworn pleadings, payment of the purchase price is a condition precedent to bringing such a suit.

The construction of contract above given closely resembles that in Birch v. Kavanaugh, etc., Co., 34 App. Div. 614, 54 N. Y. Supp. 449, affirmed 165 N. Y. 617, 59 N. E. 1119; nor does White, etc., Co. v. Miller, etc., Co., 131 App. Div. 559, 115 N. Y. Supp. 625, contain anything inconsistent herewith, as it was there specifically found that there had been a modification of the written agreement under consideration, which modification quite changed its original effect. See, also, J. A. Fay, etc., Co. v. Dudley, 129 Ga. 314, 58 S. E. 826; J. I. C. Threshing Co. v. Puls, 158 Ill. App. 1; Pennsylvania, etc., Co. v. Hygeian Cold Storage, 185 Mass. 366, 70 N. E. 427.

The crucial question always is: What did the parties mean—or can a plain meaning be extracted from the words they used? We think both these inquiries can be satisfactorily answered in this case; the parties meant and said that if the kilns were not up to contract they should be returned and the price refunded.

As the defendant below admittedly refused to pay the price or return the kilns, the judgment is affirmed, with costs.

WARD, Circuit Judge (dissenting). The contract in this case contained a guaranty by the seller to the buyer of the broadest kind as to

the quality and performance of the apparatus sold. The trial court and this court, I think, rightly, held that this guaranty survived acceptance. Then followed a clause regulating the procedure to be pursued in a particular case, viz. if the buyer notified the seller of defects, it was to give the seller an opportunity to examine and correct them. If after this was done it was found, not merely in the opinion of the buyer, but evidently by both parties, that the apparatus was not as agreed, then the buyer had the option either to pay the price and keep the apparatus, or to return it and the seller would refund all money received by it in payment. This shows clearly that the seller admits the defects, or otherwise it would not return the price.

The parties in their pleadings agree that the buyer did notify the seller of defects, and that the seller asked that the apparatus be returned by the buyer, if not satisfactory to it. This could be regarded as an admission by the seller that the apparatus was not as agreed, and so the procedure clause might be held to apply. If the seller had relied on these facts in his complaint, the judgment of the court below would in my opinion have been right. But the parties did not, as this court assumes, agree that the apparatus was not up to standard. On the contrary, they joined issue on this proposition. The issues raised in the pleadings were:

First, in its complaint the seller alleged that the buyer wrongfully deprived it of any opportunity to remedy the alleged defects, which the buyer denied in its answer.

Second, the seller alleged in its complaint that it had fully performed its contract, which the buyer denied in its answer.

Third, the buyer in its counterclaim alleged various defects of the apparatus in quality and performance, all of which the seller denied in its reply.

The issues, therefore, being whether the apparatus did or did not conform to the contract, the clause as to procedure did not apply, and the rights of the parties were to be determined under the guaranty clause. If the issues which the parties have made were on trial to be decided by the jury in favor of the buyer, the seller's complaint would have to be dismissed, and the buyer would be entitled to judgment on its counterclaim. These issues, I think, could not be disposed of by the court on the pleadings.

The judgment should be reversed.