## FRANK HERSKOVITZ, INC. *vs.* HENRY DORN.

Plymouth. May 17, 1927. — July 1, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence*, Competency. *Sale*.

A merchant ordered fur coats from a corporation by an order in writing which stated, "No verbal agreement valid unless stipulated on this order." The coats were shipped and received about July 31 and August 14 with invoices containing the statement: "No allowance will be made or goods taken back if kept over 5 days. If this bill is not in every particular just as trade was made, we must be notified at once as no change of terms or prices will be allowed at settlement. All accounts must be settled with the firm only." The merchant offered the coats for sale in the regular course of business. On September 9, he sought to return six of the coats, asserting a former method of dealing and that the corporation's salesman had told him that he could order verbally and return for credit what he could not sell. In an action by the corporation for the purchase price, it was *held*, that

(1) Letters of the defendant to the plaintiff having been admitted without objection by the plaintiff, replies by the plaintiff setting forth his contentions were admissible;

(2) A finding was warranted that the order and acceptance constituted the contract;

(3) A ruling was warranted that there was a sale with the right to return within five days if the coats were not as represented;

(4) A finding for the plaintiff was warranted.

CONTRACT for $825 upon an account annexed. Writ in the District Court of Brockton dated January 20, 1926.

Material facts appearing at the hearing in the District Court are stated in the opinion. The judge refused to give the following rulings asked for by the defendant:

"1. On all the evidence the finding must be for the defendant."

"6. Where parties have been dealing together for several seasons as seller and buyer of goods and for three or more successive seasons the seller has accepted the return of goods after a lapse of two weeks or more, a custom of dealing in this regard has become established between the parties, and when, thereafter a new contract of purchase is made, in the absence of notice to the contrary, the purchaser will be entitled to return goods in accordance with such prior custom."

"8. The goods returned by the defendant on or about September 9, 1925, were returned within a reasonable time.

"9. The course of dealing between the parties constituted a waiver of the notice on the bill head as to return of goods within five days.

"10. The course of dealing between the parties constituted a waiver of all requirements stated on the bill heads, as far as there is conflict between the course of dealings and the words on the bill heads."

The judge found for the plaintiff in the sum of $825 and reported the action to the Appellate Division for the Southern District. The report was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*H. F. Parker & O. V. Fortier,* for the defendant.

*I. M. Rubin,* for the plaintiff.

BRALEY, J.   This is an action of contract to recover the balance due on an alleged sale by the plaintiff to the defendant of nine fur coats.   The answer is a general denial with a plea of payment and averments that the contract was a "sale or return" agreement, and that the coats were defective.   The defences of payment, and that the coats were defective are disposed of by the adverse findings of the trial judge, which are supported by the record.   It was further found that on previous transactions the defendant had purchased coats fabricated not wholly of fur, some of which he returned to the plaintiff who credited them on his account. But the coats in question were bought May 26, 1925, on an order given to the plaintiff's salesman, on the face of which printed in red ink were the words, "No verbal agreement

valid unless stipulated on this order," and a duplicate of the order was given to the defendant. The plaintiff's place of business was in New York, and, when coats were shipped, the invoice not only stated the items with the price, but on the invoice, also printed in red ink, these words appeared, "No allowance will be made or goods taken back if kept over 5 days. If this bill is not in every particular just as trade was made, we must be notified at once as no change of terms or prices will be allowed at settlement. All accounts must be settled with the firm only."

The first shipment of seven coats was received on or about July 31, and the last shipment of two coats was on or about August 14, 1925. Prior to September 9, 1925, no complaint was made concerning the character or quality of the coats, or of any failure of the plaintiff to comply with the terms of purchase, and the defendant offered the coats for sale in the regular course of his business. On September 9, 1925, the defendant, however, attempted to return six of the coats, and, upon the plaintiff's declining to receive them, he wrote numerous letters to the plaintiff referring to their former dealings in the acceptance of goods returned, and urging similar consideration in the settlement of his last purchase, and that the plaintiff's salesman had told him that he could order verbally and return for credit what he could not sell. These letters were admitted without objection by the plaintiff, but the defendant excepted to the admission of the plaintiff's letters in reply. The replies were in response to the defendant's representations of previous bargains where the privilege of returning the goods had been recognized, and to his urgent demand that the plaintiff should recede from insisting upon compliance with the strict terms of the contract. The letters of the plaintiff were competent in so far as they tended to deny or to explain the statements in the defendant's letters, as well as to meet the defendant's further contention that the limitation had been waived. *Buffum* v. *York Manuf. Co.* 175 Mass. 471, 474, and cases cited.

It is contended that under G. L. c. 106, § 21, Rule 3, the coats were delivered "on sale or return," and, the offer to

return having been refused, there was no sale and the plaintiff cannot recover. See *Hunt* v. *Wyman,* 100 Mass. 198. *Wartman* v. *Breed,* 117 Mass. 18. The trial judge was warranted in finding that the order and acceptance constituted the contract, and rightly ruled there was a sale with the right to return within five days if the coats were not as represented. *Shohfi* v. *Rice,* 241 Mass. 211. It follows that the defendant was liable for the price, and that his first, sixth, eighth, ninth and tenth requests were denied rightly.

> *Order of the Appellate Division*
> *dismissing report affirmed.*