ABRAHAM SIEGEL *vs.* J. & H. GOODWIN, LTD.

Suffolk.     March 15, 16, 1928.— May 29, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Sale,* Acceptance. *Contract,* Construction, Performance and breach. *Notice.*

A provision of a contract for the sale of onions, "C. I. F. Boston," that after the arrival of the goods the purchaser should notify the seller or his agent of a refusal on his part to accept the shipment within twenty-four hours of the time the goods were placed where inspection was practicable, was not fulfilled by a notice sent by the purchaser on December 18, if, immediately after the arrival of the onions at Boston, the purchaser made an inspection of them when about half of them had been unloaded and discovered that they were not of proper quality, and inspection by the purchaser and other persons sent by him on December 14 and subsequent dates confirmed his previous observation.

Under other provisions of the contract above described, the purchaser's failure to give notice within the time prescribed by the contract con-

stituted an acceptance of the onions which precluded recovery by the purchaser from the seller of money paid on account of the purchase price; it was unnecessary to decide when title passed.

CONTRACT, seeking a return of $3,000 paid by the plaintiff on account of the purchase price of onions which the defendant agreed to sell him. Writ in the Municipal Court of the City of Boston dated February 25, 1926.

On removal to the Superior Court, the action was tried before *Flynn*, J. Material evidence is stated in the opinion. It also appeared from the plaintiff's evidence that other persons sent by the plaintiff made inspections of the onions in question during the week following their arrival. At the close of the evidence, the judge denied a motion by the defendant that a verdict be ordered in its favor, and instructed the jury in part as follows: "... the duty was upon Mr. Siegel to notify the defendant in this case within twenty-four hours after inspection was feasible if he was not going to accept the shipment; otherwise it is too late to complain. ... The question is for you to determine, did the defendant receive seasonable notice of the plaintiff's claim, and by seasonable notice we mean under and in accordance with" the provision quoted in the opinion. The jury found in answer to special questions submitted to them by the judge that the onions were not of good merchantable quality when they arrived at Boston, and that the defendant received "seasonable" notice of the plaintiff's claim. The judge thereupon ordered a verdict for the plaintiff in the sum of $3,315. The defendant alleged exceptions, which, after the death of *Flynn*, J., were allowed by *Bishop*, J.

*F. S. Deitrick*, for the defendant.

*W. P. Murray*, for the plaintiff.

SANDERSON, J. This is an action to recover $3,000 paid by the plaintiff on account of the purchase price of two thousand cases of onions shipped from Spain to Boston. The contract called for "5 tier" onions of good merchantable quality and contained these words: "Sale made ... C. I. F. Boston." It was subject to the condition that "The buyer shall notify the seller by wire where possible, or notify the seller's local representative, within twenty-four hours after

shipment has been placed where inspection is practicable, of refusal to accept a shipment or intent to file claim and give reasons therefor (other than claim against the transportation company). Failure of such notice shall constitute acceptance . . . ."

The testimony of a witness called by the defendant that the ship arrived on or about Friday, December 11, 1925, was not disputed. The plaintiff, an experienced dealer in onions, was notified when the ship arrived and immediately went to the dock to see the onions. About one half of them had then been unloaded and the rest were being removed from the boat. They were all placed in a room at the army base when unloaded. He opened some of the cases as they were being taken from the boat and found the onions sprouted and of an irregular size, not corresponding to "5 tier" onions. He could also see "a regular garden [of sprouts] on the top of the pile." He testified that such onions were not of good merchantable quality. He did not state definitely the date of his first inspection, but gave evidence that on the following day he inspected them with an employee who fixed the date when they went together as Monday, December 14, 1925. This employee testified that on that date the onions were in the warehouse and that a shipment of two thousand cases was there pointed out to him; that the size and condition of the onions could be seen without opening the boxes, and twenty to twenty-five per cent of them were sprouted. It is evident that the condition and size of the onions, which made them not of good merchantable quality, were known to the plaintiff as early as December 14. The result of inspection by others at later dates confirmed what he had previously observed.

The finding of the jury conclusively established the fact that the onions were not of good merchantable quality upon arrival in Boston. The jury's finding that the defendant received seasonable notice of the plaintiff's claim under the instructions means that they found that the written notice sent by the plaintiff on December 18 was sent within twenty-four hours after the shipment had been placed where inspection was practicable. In our opinion the evidence did

not justify a finding that the notice was given in compliance with the terms of the contract. The plaintiff's evidence shows that the shipment to the plaintiff had been placed where inspection was practicable as early as December 14, 1925. The notice sent on December 18 was not a notification within the time required by the contract. See O'*Shea* v. *Vaughn*, 201 Mass. 412, 425. By virtue of the agreement, the onions had been accepted by the plaintiff, and he was not entitled to recover the money which he had paid on account of the purchase price. In view of the conclusion reached on this phase of the case, it is unnecessary to decide when the title passed.

*Exceptions sustained.*