Pettingell, J.
Action of contract for merchandise sold and delivered. The plaintiff’s agent visited the defendant and received an order in writing for certain products sold by the plaintiff, which had to do with the removal or prevention of rust, scale or other deposits in steam boilers and piping. The merchandise thus ordered was admittedly delivered to the defendant.
By the terms of the written order the defendant was to use the plaintiff’s product as directed. If so used for sixty days, and found not to be satisfactory, the defendant was to notify the plaintiff by letter of the unsatisfactory result, in which case, no charge was to be made for the goods ac *97 tually used; the remaining goods, not used, were to be held subject to the plaintiff’s order,. So far as the report shows, the defendant did not within sixty days, notify the plaintiff by letter that the merchandise was not satisfactory. The defendant’s answer was a general denial and payment.
There was a finding for the defendant. The trial judge filed a “Findings” which is hereafter discussed.
The plaintiff’s contentions may be summarized as follows:
(1) There was error in the disposition made by the trial judge of the plaintiff’s requests for rulings.
(2) There was error in the trial judge’s ruling with regard to the nature and effect of the contract between the parties.
(3) There was error in the trial judge’s rulings with regard to the nature and effect of the clause in the contract requiring the defendant to notify the plaintiff by letter at the end of sixty days if the material delivered was not satisfactory.
(4) The finding of a waiver of the plaintiff’s rights under the foregoing clause was not warranted by the evidence and was improper on the pleadings.
In his “Findings”, the trial judge specifically found that the goods were ordered on a written order signed by the defendant, that the plaintiff duly accepted the order and shipped the merchandise, which was received by the defendant; that some of the merchandise was used with unsatisfactory results; that the plaintiff’s agent was several times notified by telephone of the unsatisfactory results within two months after the merchandise was received; and that the agent wrote the plaintiff’s New York office communicating the information that the results had been *98 unsatisfactory and that the defendant refused to accept the merchandise.
The trial judge analyzed the contract between the parties as follows:
“7. I find in conclusion that the contract in question was one in which the buyer made known to the seller the particular purpose for which the goods were required and relied on the seller’s judgment and selection of materials; that the contract as made was neither an agreement for a present sale nor a definite agreement for an absolute sale in the future. The evidence was not sufficient to prove that the materials sent by the plaintiff were of the particular kind and quality required by the contract of purchase. The defendant was not bound to accept the goods sent and it gave timely and .sufficient notice of its refusal to accept them. The provision for notice of dissatisfaction contained in the order for the goods in question was for the plaintiff’s benefit and literal compliance therewith could be waived by it. I find that it was waived by the plaintiff by the course of dealings actually had after the plaintiff’s dissatisfaction was communicated to it and that there was neither an actual acceptance of the goods in dispute or the legal equivalent thereof.”
We are of opinion that there was error in his ruling that the contract as made was “neither an agreement for a present sale nor a definite agreement for an absolute sale in the future.” The evidence shows definitely a present sale to become absolute in sixty days unless the defendant should perform a condition subsequent, the giving of a notice to the plaintiff by letter stating that the results of the sixty-day test were unsatisfactory.
The case before us is directly within the facts and the law to be found in Pennsylvania Iron Works Co. v. Hygeian Ice &c. Co., 185 Mass. 366. In that case the plaintiff agreed *99 to install certain apparatus in the plant of the defendant, which, on its part, agreed to pay the plaintiff, within one month of the delivery, the amount of $1500, “unless, within that time, it notified the plaintiff that the apparatus had failed to accomplish the results guaranteed (by a third party) and requested its removal.” The period of a month, before the payment was to be made, was provided so that the defendant might have an opportunity to determine whether the capacity of the apparatus was as represented (by the third party). The court said, at pages 370 and 371,
“All that the plaintiff was required to do was to deliver the apparatus upon the defendant’s premises . . . In view of the uncontradicted evidence that it was delivered as required, evidence that it was not accepted was immaterial . . .. The fact, if it was a fact, which the defendant offered to show, that the apparatus produced bad ice was immaterial. If the defendant was dissatisfied with the apparatus, it was bound, under the contract, to notify the plaintiff within a month after the delivery and request its removal. There was nothing to show that it did so, or that those provisions of the contract were waived by the plaintiff, or that anything occurred to excuse the defendant from complying with them. It is true that the defendant expressed dissatisfaction and that efforts were made to improve the apparatus so that it would produce better ice, but this fell far short of the notice and request required by the contract, or of establishing a waiver on the part of the plaintiff, or of furnishing a valid excuse on the part of the defendant for not complying with the provisions of the contract.”
For other cases, in which a failure to perform a condition subsequent has made absolute a promise to pay for goods delivered, see Frank Herscovits Inc. vs. Dorn, 260 Mass. 532, at 534, 535, Siegel v. J & H Goodwin, Ltd. 264 Mass. 65, *100 at 67, 68. In the first of these cases, goods were delivered under an agreement which gave the buyer a right to return the g’oods within five days. Failure so to return them made the sale absolute. In the other case the buyer had the right to refuse acceptance if, within tw'enty-four hours after the merchandise was placed where inspection was practicable, he gave notice to the seller of a refusal to accept. The court held that an instruction to the jury that the buyer was not liable if he gave “seasonable” notice of his refusal was error as the evidence did not justify a finding “that the notice was given in compliance with the terms of the contract.”
In the case at bar, the written order was for a definite amount of merchandise of a definite weight, at definite prices. If it were not for the addition to the order of what is included under the heading, “CONDITIONS COVERING SPECIAL ORDER,” the contract would be nothing more than one for present delivery. No terms of payment are stated, either as to time or discount. It would be, in that case, a contract for payment upon delivery. Stephenson v. Cady, 117 Mass. 6, at 9. Morton v. Clark, 181 Mass. 134, at 135. National Contracting Co. v. Vulcanite &c Co., 192 Mass. 247, at 253.
The parties, however, by the matter added to the contract under the heading, “CONDITIONS COVERING SPECIAL ORDER,” provided for payment upon condition, as follows:
“ (1) We are to have sixty days to try out this product ending............19.....
“ (2) If material is not satisfactory, we agree to notify you by letter at the expiration of the trial period, and no charge will be made for the portion used during the test and the balance is held subject to the Universal Refining Prods. Co., Inc. order.
*101 “(3) We agree, upon receipt of the material, to use the same according to directions sent by the UNIVERSAL REFINING PRODS. CO. INC.....”
A definite procedure was set up by which the defendant could escape liability if the merchandise proved unsatisfactory. It had first for sixty days, to try out the merchandise in accordance with the directions sent by the plaintiff, and then, if the test was not satisfactory, to notify the plaintiff in writing at the end of the sixty days period, that the result was unsatisfactory. It does not appear from the report that the defendant did make a bona fide trial of the merchandise for sixty days, nor does it appear that it explicitly performed the condition as to notice. Such exact performance seems to be necessary according to the decisions in the cases cited. The rule is the same in cases involving conditions precedent. McLeod v. I. J. Fox, Inc., Mass. Adv. Sh. (1940) 707, at 708.
It is to be noted that in this case, as in Pennsylvania Iron Works Co. v. Hygeian Ice &c Co., 185 Mass. 366, already cited, the plaintiff did not warrant the merchandise it was selling. The order was for a designated amount of a named product. The trial judge, in his “Findings”, states that the product as named, in the weights specified, was delivered. There was no warranty by the plaintiff that it would or would not do the work the defendant was expecting from it. The defendant ordered it knowing that it might prove unsatisfactory, and that if it did, a procedure had been arranged by which it could avoid liability.
The plaintiff’s right to collect the purchase price is not disposed of by the trial judge’s finding that the plaintiff waived the condition in the contract. ■ He found no specific facts that warrant a finding of waiver. He finds that “it was waived by the course of dealings actually had after *102 the plaintiff’s dissatisfaction was communicated to it and that there was neither an actual acceptance of the goods in dispute or the legal equivalent thereof.”
The cases already cited point out that under such a contract there is an acceptance unless the purchaser literally complies with the condition of the contract. No other kind of acceptance is needed. There can be no substitute procedure for evading liability; the requirements of the contract must be exactly followed. The language of the court in Pennsylvania Iron Works Co. v. Eygeian Ice &c Co., 185 Mass. 366, at 370, is pertinent:
“In view of the uncontradicted evidence that it was delivered as required, evidence that it was not accepted was immaterial. ... If the defendant was dissatisfied with the apparatus, it was bound, under the contract, to notify the plaintiff within a month after the delivery and request its removal.”
In that case, also, waiver was discussed. The court said, at page 370:
“It is true that the defendant expressed dissatisfaction and that efforts were made to improve the apparatus so that it would produce better ice, but this fell far short of the notice required by the contract or of establishing a waiver on the part of the plaintiff, or of furnishing a valid excuse on the part of the defendant for not complying with the provisions of the contract. ’ ’
There are no facts appearing in the report in the instant case which make a stronger case than is to be found in the case cited.
A waiver can be created by the acts and conduct of a party. Schwoerer v. Boylston Market Association, 99 Mass. 285, at 299, but in this case there was no reliance or procedure by the plaintiff upon a ground inconsistent with *103 the exact performance of the notice, as in Clark v. New England Mutual Fire Ins. Co., 6 Cush. 342, at 345, or any conduct tending to lead the defendant to believe that the plaintiff was not insisting upon an exact performance of the contract, see Graves v. Washington Marine Ins. Co., 12 Allen 391, at 394; or any further dealing by the plaintiff with the defendant on a basis inconsistent with a claim of reliance upon the notice as in Moore v. Wildey Casualty Co., 176 Mass. 418, at 421; or anything done by the plaintiff tending to throw the defendant “off its guard”, as in Wheelock v. Posted Telegraph Co., 197 Mass. 119, at 124.
We think that in this phase of the case it is more like Knox v. Perkins, 15 Cray 529, at 531; Searle v. Dwelling House Ins. Co., 152 Mass. 263, at 265; Gilman v. American Producers &c Ins. Co., 180 Mass 317, at 319; Cook v. North British &c Ins. Co., 181 Mass. 101, at 103, 104; McCord v. Masonic Casualty Co., 201 Mass. 473, at 476; and Fitchburg Savings Bank v. Massachusetts Bond &c Ins. Co., 274 Mass. 135, at 154, 155. There is no evidence that anything that the plaintiff did induced the defendant to change its position or caused it to take any attitude other than the one adopted by it from the beginning, that it did not accept the merchandise. Such attempts as there were later to induce the defendant to make a further trial of the merchandise did not constitute a waiver. Pennsylvania Iron Works Co. v. Hygeian Ice &c Co., 185 Mass. 366, at 371.
Because we believe that the trial judge was in error in his interpretation of the contract and of the rights and duties of the parties under it, and believe that his theory of what constituted a waiver of the condition in the contract may have been colored or affected by his erroneous idea of the nature of the contract and the obligations arising under it; because from his “Findings” it appears that *104 he considered formal acceptance of the goods by the defendant as a prerequisite to the defendant’s liability; and because of the general uncertainty as to the principles of law upon which he acted, we are of the opinion that the error was prejudicial. Clarke v. Massachusetts Title Ins. Co., 214 Mass. 31, at 32, 33. DeYoung v. Frank A. Andrews Co., 214 Mass. 47, at 50. Kaufman v. Sydeman, 251 Mass. 210 at 217. Minsk v. Pitaro, 284 Mass. 109, at 115. Markiewicz v. Toton, 292 Mass. 434, at 437.
The finding for the defendant is to be vacated and the case is to stand for a new trial.